EL PUEBLO DE PUERTO RICO, peticionario, *v.* LUZ M. FIGUEROA GARCÍA, recurrida.

*Número:* CE-91-81 *Resuelto:* 30 de enero de 1992

*Margarita Carillo Iturrino*, abogada de la recurrida; *Jorge E. Pérez Díaz, Procurador General,* y *Laura Ydrach Vivoni, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

## I

El Pueblo de Puerto Rico, representado por el Procurador General, recurre ante nos de la resolución dictada el 28 de enero de 1991 por el Tribunal Superior de Puerto Rico, Sala de Carolina (Hon. Roberto Miranda, Juez), que permitiría a la acusada hacer alegación de culpabilidad por homicidio a pesar de que el Fiscal había retirado la oferta de alegación preacordada por ese delito. Examinados los hechos en autos y el derecho que les aplica, revocamos la referida resolución.

## II

Luz M. Figueroa García fue acusada por los delitos de asesinato en primer grado, conspiración e infracción a la Ley de Armas de Puerto Rico.

Con anterioridad a la vista en su fondo, el representante legal de la imputada (Lcdo. Max Pérez Preston) solicitó en múltiples ocasiones (unas veinte (20) o treinta (30) veces) al *Fiscal de Distrito* de Carolina (Hon. Nazario Lugo Silvagnoli) hacer alegación de culpabilidad por el delito de homicidio. Finalmente, al considerar el bienestar de los tres (3) hijos de la imputada, el Fiscal accedió a lo solicitado por la defensa y así se lo comunicó *verbalmente* al licenciado Pérez Preston. No obstante lo anterior, antes del juicio, el Fiscal Lugo Silvagnoli le informó al licenciado Pérez Preston que no podía aceptar la alegación preacordada.

Al comenzar la vista del caso, antes de iniciarse el *voir*

*dire*, el licenciado Pérez Preston solicitó al tribunal de instancia que ordenara al Ministerio Público el cumplimiento específico de la alegación preacordada conforme a lo conversado con el Fiscal de Distrito a fin de rebajar la calificación del delito de asesinato en primer grado a homicidio.

A solicitud de las partes, el tribunal celebró una vista en la cual tanto el Fiscal como la defensa declararon bajo juramento con relación a las negociaciones habidas sobre la alegación preacordada. El Fiscal sostuvo que sus conversaciones con la defensa fueron iniciales y que estaba en espera de que el licenciado Pérez Preston le indicara la aceptación de la oferta por parte de la acusada. Al respecto, en la resolución de la cual se recurre, el foro de instancia expresó lo siguiente:

> Rebasa nuestro entendimiento que tras aceptar que Pérez Preston le visitó de 20 a 30 veces sobre este tema, se podía inferir que Pérez Preston no estaba autorizado por doña Luz a aceptar dicha oferta. Indaguemos en la forma y manera que se produjo dicha conversación.
>
> Lugo Silvagnoli aceptó que en dicho día, Pérez Preston no lo estaba buscando sino que fue a la inversa. Es en un pasillo del tribunal en que Lugo Silvagnoli inició la conversación llevando a Pérez Preston a una sala aparte. A preguntas del suscribiente, Lugo Silvagnoli aceptó que sus palabras fueron al efecto de "He pensado y te doy el homicidio. La razón es por los hijos de ella." A ésto, Pérez Preston respondió: "Gracias, me has hecho el mejor regalo de Navidad. Me vas a hacer sentir bien en estas Navidades. Se lo iré a decir a mi cliente." (Nota omitida.) Anejo I, págs. 3–4.

El tribunal de instancia concluyó "como cuestión de hecho que el Fiscal de Distrito de Carolina le hizo a la representación legal de la imputada un ofrecimiento de rebajarle la calificación del delito de asesinato en primer grado a [uno de] homicidio" y "que dicho ofrecimiento fue aceptado [por ésta], razón por la cual proced[ía] como cuestión de derecho exigir el cumplimiento específico de lo concertado" y, por ende, permitirle a la recurrida formular una ale-

gación de culpabilidad por el delito de homicidio. Anejo I, pág. 4. El tribunal fundamentó su decisión en la alegada naturaleza contractual de las alegaciones preacordadas.

No conforme con dicho dictamen, el Procurador General recurre ante nos.[1] Alega que entre el Fiscal y la defensa no se formalizó el acuerdo y que, por lo tanto, no es obligatorio para las partes. Argumenta, además, que la Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regula lo que sucede una vez se ha llegado a un acuerdo y no cómo se llega a ese acuerdo. Sostiene que esto último está regulado por directrices administrativas, en apoyo de lo cual el Procurador General cita la Orden Administrativa Núm. 86-04 que establece que:

> 1. Al concluir la vista preliminar, si se determina causa probable para radicar acusación por uno de los delitos considerados de interés público,[2] el fiscal de vista preliminar deberá informar al abogado de defensa sobre la norma establecida en el sentido de que cualquier alegación pre-acordada en estos casos requerirá la aprobación *expresa* y *escrita* del *Fiscal de Distrito*. (Énfasis suplido.) Anejo III, pág. 12.

Mediante el trámite de mostración de causa, acordamos revisar. Estamos en posición de resolver, y lo hacemos según lo intimado.

## II

Coincidimos con la conclusión del tribunal de instancia en torno a que el ofrecimiento del Ministerio Público de rebajar la calificación del delito imputado de asesinato en primer grado a homicidio fue aceptado por la acusada, pues en virtud de las circunstancias es razonable inferir

---

[1] En su resolución, el tribunal de instancia disolvió los paneles de jurado y paralizó los procedimientos para permitirle al Ministerio Público recurrir ante nos.

[2] La Orden Administrativa Núm. 85-01 incluye como ejemplos de delitos de interés público los delitos de asesinato, violaciones y robos de cierta trascendencia, entre otros.

que su representante legal estaba autorizado a aceptar la oferta.

En vista de la conclusión anterior, debemos determinar si un fiscal puede retirar unilateralmente una oferta de alegación preacordada y aceptada por el acusado con anterioridad a que éste haga alegación de culpabilidad y la misma sea aceptada por el tribunal.

■ Tanto en la jurisdicción federal como en las jurisdicciones estatales y en Puerto Rico, se ha establecido la validez constitucional de las alegaciones preacordadas. Se reconoce, además, que es una práctica de gran utilidad que debe estimularse. Sin las alegaciones preacordadas sería difícil enjuiciar a todas las personas acusadas de cometer delitos dentro de los términos requeridos por el ordenamiento procesal y por la Constitución. *Brady v. United States*, 397 U.S. 742 (1970); *Pueblo v. Mojica Cruz*, 115 D.P.R. 569 (1984).

Sobre la naturaleza de la alegación preacordada el Tribunal Supremo federal, en *Brady v. United States*, supra, pág. 748, expresó que:

> ... a guilty plea *is a grave and solemn act* to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so —hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial— a waiver of his right to trial before a jury or a judge. *Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.* (Énfasis nuestro y escolio omitido.)

■ Con posterioridad a nuestra decisión en *Pueblo v. Mojica Cruz*, supra, se aprobó la Regla 72 de Procedi-

miento Criminal, supra, con el propósito de regular el procedimiento de las alegaciones preacordadas y su efecto *una vez las mismas se someten a la aprobación del tribunal. Sin embargo, dichas reglas guardan silencio* respecto al efecto de las alegaciones *con anterioridad a ese momento.*

En el caso ante nos, el tribunal de instancia fundamentó su decisión, y la parte recurrida argumenta su posición sobre el fundamento de que en esta fase aplican las disposiciones de ley referentes a las *obligaciones y contratos*. Por ello concluyen que, una vez la oferta del Fiscal es aceptada por el acusado, éste puede exigir al Fiscal *el cumplimiento específico* de lo ofrecido. Sostienen su conclusión en que el Tribunal Supremo federal reconoció la naturaleza contractual de las alegaciones preacordadas en *Santobello v. New York*, 404 U.S. 257 (1971). No estamos de acuerdo con esta interpretación. Veamos por qué.

■ En primer lugar, en *Blackledge v. Allison*, 431 U.S. 63 (1977), el Tribunal Supremo federal expresó que para resolver los problemas relacionados con las alegaciones preacordadas podemos acudir al derecho contractual por *analogía*. Lo anterior no implica que debemos aplicar *inexorablemente* los principios de derecho contractual al área de las alegaciones preacordadas, pues los intereses protegidos en una y otra área son significativamente distintos. El derecho de contratos pretende proteger la seguridad del tráfico jurídico,(3) mientras que las Reglas de Procedimiento Criminal pretenden proteger el interés legítimo del Estado y del ciudadano a una justa y eficiente administración de la justicia criminal, salvaguardando los derechos de todas las partes.(4)

■ De suerte que en el área de las alegaciones preacor-

---

(3) E. Vázquez Bote, *Derecho Civil de Puerto Rico*, San Juan, Eds. Jurídicas, 1973, T. III, Vol. 1, pág. 416 *et seq.*

(4) Véase Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

dadas podemos acudir a los principios del derecho de obligaciones y contratos siempre que al hacerlo no se viole la naturaleza del proceso penal, los derechos constitucionales de los imputados, los estatutos y la política pública protegida por el derecho procesal penal. *U.S. v. Papaleo*, 853 F.2d 16 (1er Cir. 1988).

■ Ahora bien, la alegación preacordada no es un contrato tradicional entre dos (2) partes: el imputado y el Estado. No podemos hablar de un precontrato, de una oferta u opción de alegación entre las partes donde pueda exigirse el cumplimiento específico por alguna de las partes. *Adviértase que bajo tal razonamiento, cuando el retiro de la negociación provenga del acusado, el Ministerio Público podría exigir el cumplimiento específico de la alegación de culpabilidad aun cuando ésta no haya sido aceptada por el tribunal.* Según nuestro esquema constitucional, las implicaciones que tendría poner en vigor tal opción resultan insostenibles.

■ En la alegación preacordada, el acuerdo de voluntades entre el imputado y el Estado depende —para su consumación— de la aprobación final del tribunal. Regla 72 de Procedimiento Criminal, *supra.* Con anterioridad a ese momento, no existe bilateralidad entre las obligaciones de las partes, pues el imputado queda libre de retirar su alegación preacordada antes de que el tribunal apruebe el acuerdo. *Cf. United States v. Ocanas*, 628 F.2d 353 (5to Cir. 1980).

■ En segundo lugar, es preciso distinguir entre lo que constituye el retiro de una alegación preacordada y el incumplimiento con la misma. Ambos conceptos difieren en términos del momento en que se pretende deshacer el acuerdo y sus efectos. Específicamente, se *retira* una alegación preacordada si se pretende deshacer el acuerdo antes de que el imputado haga alegación de culpabilidad y la

misma sea aceptada por el tribunal. Por otra parte, se *incumple* con la misma si se pretende deshacer el acuerdo una vez el acusado ha hecho alegación de culpabilidad y la misma ha sido aceptada por el tribunal.

 Esta diferencia es importante porque al hacer alegación de culpabilidad *el acusado renuncia a valiosos derechos constitucionales, e.g.* el derecho a que se pruebe su culpabilidad más allá de duda razonable; el derecho a un juicio justo, imparcial y público; el derecho a ser juzgado ante un juez o Jurado, y a presentar evidencia a su favor y rebatir la evidencia presentada en su contra.[5] Mientras que si la alegación preacordada se retira con anterioridad a que el acusado haga alegación de culpabilidad, *no está involucrada renuncia a derecho constitucional alguno.*

La diferencia entre los conceptos de *incumplir* y *de retirar* una alegación preacordada ha sido avalada en las decisiones del Tribunal Supremo federal. *Santobello v. New York*, supra, y *Mabry v. Johnson*, 467 U.S. 504 (1984).

Específicamente en el citado caso de *Santobello v. New York*, el Tribunal se enfrentó a una situación de incumplimiento con el acuerdo de alegación preacordada donde el acusado, luego de negociaciones con el Fiscal, *retiró* su alegación de no culpable e hizo alegación de culpabilidad por un delito menor incluido, con el acuerdo por parte del Fiscal de que no haría recomendación específica respecto a la sentencia. Posteriormente, en el acto de imposición de sentencia, un nuevo fiscal que desconocía lo acordado por su antecesor, recomendó la pena máxima. El acusado objetó lo anterior, pero el tribunal sentenciador denegó la objeción e impuso la pena máxima al entender que la recomendación del Fiscal no lo obligaba.

El Tribunal Supremo federal revocó la sentencia y reco-

---

[5] Véase Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1.

noció que el convicto tiene un derecho constitucional a un remedio cuando el Estado *incumple* con lo acordado siempre que:

> ... a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.([6]) *Santobello v. New York*, supra, pág. 262.

Por el contrario, cuando se retira un acuerdo de alegación preacordada no se ven afectados los derechos constitucionales del acusado. Con relación a esto, el Tribunal Supremo federal, en *Mabry v. Johnson*, supra, págs. 507–508, expresó lo siguiente:

> A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the constitution. (Escolio omitido.)

En este último caso citado, el Fiscal le ofreció al acusado Johnson que, a cambio de que se declarara culpable por el delito de asesinato estatutario, recomendaría una sentencia de veintiún (21) años a cumplirse concurrentemente con las sentencias previamente impuestas. Johnson aceptó la oferta y su abogado procedió a notificarlo al Fiscal, quien le indicó que hubo un error y que retiraba la oferta.([7]) El Fiscal propuso una nueva oferta que consistía en recomendar una pena de veintiún (21) años a cumplirse consecutivamente con las penas previamente impuestas. Johnson inicialmente rechazó la nueva oferta pero, luego de comen-

---

([6]) Es importante destacar que el Tribunal no estableció en dicho caso cuál sería el remedio constitucionalmente requerido y devolvió el caso para que el tribunal del estado determinara si en virtud de las circunstancias se debía requerir el cumplimiento específico de lo acordado o permitirle al acusado retirar su alegación.

([7]) En dicho caso no hubo controversia en torno a la aceptación de la primera oferta del Fiscal, esto es, se entendió que la misma había sido aceptada por Johnson.

zado el juicio y decretado un *mistrial*, la aceptó y fue sentenciado según lo recomendado.

El Tribunal Supremo federal sostuvo la convicción y, con respecto a la primera oferta retirada por el Fiscal, expresó que la incapacidad del acusado de hacerla cumplir no tiene ninguna trascendencia constitucional, pues no afectó la voluntariedad e inteligencia de su alegación de culpabilidad a base de la segunda oferta. Sostuvo, además, que tampoco tuvo relevancia constitucional el hecho de si el Fiscal fue negligente al hacer una oferta y posteriormente retirarla, pues la cláusula del debido proceso de ley no es un código de ética sino que tiene que ver con la forma en que las personas son privadas de su libertad.

Con respecto a la controversia específica que nos ocupa, es decir, si puede el Fiscal *retirar* una oferta de alegación preacordada que ha sido aceptada por el acusado pero que no ha sido aprobada por el tribunal, no hay uniformidad en las decisiones de los tribunales estatales y federales. Algunos tribunales se rehúsan a permitir el retiro, mientras que otros lo permiten siempre que el acusado, en virtud del acuerdo, no haya hecho alegación de culpabilidad o realizado cualquier otro acto en detrimento de sus derechos. *U.S. v. Papaleo*, supra; *Government of Virgin Islands v. Scotland*, 614 F.2d 360 (3er Cir. 1980); *State v. Collins*, 265 S.E.2d 172 (N.C. 1980); *State v. Reasbeck*, 359 So. 2d 564 (D. Fla. 1978). *Cf.* Anotación, *Right of Prosecutor to Withdraw from Plea Bargain Prior to Entry of Plea*, 16 A.L.R.4th 1089 (1982).

■ Según lo dispuesto por la Regla 72 de Procedimiento Criminal, *supra*, ni el Estado ni el imputado están obligados a iniciar conversaciones para llegar a un acuerdo sobre alegación preacordada. De iniciarse conversaciones al respecto, el tribunal no participará de las mismas. Si las partes llegan a un acuerdo, el inciso (3) de la citada regla concede discreción al tribunal para aceptarla o rechazarla

*de modo que la realización de sus respectivas expectativas depende totalmente de la discreción del tribunal.* En otras palabras, ninguna de las partes queda vinculada por el acuerdo hasta tanto el tribunal lo acepte. Por lo tanto, no se justifica que ni el acusado ni el Fiscal descansen en el acuerdo con anterioridad a que el mismo sea aceptado por el tribunal. *U.S. v. Molina-Iguado*, 894 F.2d 1452 (5to Cir. 1990); *U.S. v. Papaleo*, supra; *United States v. Gross*, 614 F.2d 365 (3er Cir. 1980); *United States v. Ocanas*, supra.

 Es importante considerar, además, que cuando el Fiscal retira una oferta de alegación preacordada antes del acusado hacer alegación de culpabilidad, éste se encuentra en la misma situación que si no se hubiera efectuado la oferta, esto es, tiene derecho a ser juzgado ante un juez o Jurado salvaguardando todas sus garantías constitucionales incluyendo, naturalmente, el derecho a que se le conceda un término de tiempo razonable para preparar su defensa luego de que el Ministerio Público retire su oferta.

No hay razón en la cual sostener que el juicio es un remedio suficiente para el acusado a quien nunca se le ha efectuado una oferta de alegación preacordada, pero es insuficiente para el acusado a quien se le hizo una oferta que posteriormente fue retirada. Concluir lo contrario le restaría importancia al derecho constitucional a ser juzgado por un juez o Jurado. *U.S. v. Papaleo*, supra; *United States v. Gross*, supra.

Al considerar el trasfondo doctrinal antes expuesto, resolvemos que tanto el Fiscal como el acusado pueden retirar su consentimiento a un acuerdo de alegación preacordada con anterioridad a que el mismo sea aprobado por el tribunal y el acusado haga alegación de culpabilidad o realice cualquier otro acto en detrimento de sus derechos.

En el caso ante nos, cuando el Fiscal Lugo Silvagnoli retiró su oferta, aún la señora Figueroa no había hecho alegación de culpabilidad ni el acuerdo había sido sometido a la aprobación del tribunal. La recurrente tampoco de-

mostró que en virtud del acuerdo retirado realizara actos en detrimento de sus derechos. Al retirarse el acuerdo, la señora Figueroa quedó en la misma posición en que estaba con anterioridad a que Lugo Silvagnoli accediera a lo solicitado por el licenciado Pérez Preston.

Por los fundamentos antes expuestos, *se expide el auto y se revoca la resolución recurrida, y se ordena la devolución del caso al Tribunal Superior, Sala de Carolina, para que continúen los procedimientos en conformidad con lo aquí expuesto. Se dictará sentencia de conformidad.*