# 2004 DTA 91

## TRIBUNAL DE CIRCUITO DE APELACIONES
## REGION JUDICIAL DE PONCE

EL PUEBLO DE PUERTO RICO
Recurrido

v.

RICHARD TORRES NUÑEZ
Peticionario

Núm. KLCE-04-00367

San Juan, Puerto Rico, a 14 de abril de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
la Juez Hernández Torres y el Juez Martínez Torres

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Contra el peticionario Richard Torres Núñez, se presentó una acusación ante el Tribunal de Primera Instancia, Sala Superior de Ponce, por violación al art. 3.1 de la Ley Para la Prevención y la Intervención con la Violencia Doméstica, 8 L.P.R.A. sec. 632, por el delito de maltrato.

La acusación estaba relacionada a hechos ocurridos en Juana Díaz el 7 de junio de 2003. Al peticionario se le imputó que en esa fecha actuando *"ilegal, voluntaria, maliciosa y criminalmente, empleó violencia física y sicológica contra la Sra. Larissa Rivera Rivera, con quien convivía y ha procreado dos hijos, consistente en que la agredió con los puños en el rostro y la apretó fuertemente por el pecho y brazos y además le manifestó: `Hija de la Gran Puta, perra´, sintiéndose ésta ofendida y siendo esto un patrón de conducta consistente"*.

Luego de otros incidentes, se señaló la vista en su fondo del caso para el 24 de noviembre de 2003. En esa ocasión, la defensa informó al Tribunal que las partes continuaban cohabitando y solicitó la transferencia de la vista, para discutir la posibilidad de que el caso se archivara bajo la Regla 247(b) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247(b), por la falta de interés de la perjudicada, conforme a lo resuelto por el Tribunal Supremo de Puerto Rico en *Pueblo v. Castellón*, 151 D.P.R. ___ (2000), **2000 J.T.S. 84**. El Ministerio Público no se opuso a la solicitud del peticionario. El Tribunal pospuso el señalamiento para el 27 de febrero de 2004.

En esa fecha, el peticionario citó a un sicólogo para que declarara sobre la reanudación de la convivencia entre las partes y la conducta del peticionario. El peticionario, sin embargo, indicó al Tribunal que el sicólogo aún no había concluido su evaluación y solicitó una nueva suspensión del caso, a fines de que dicho perito pudiera emitir una opinión más completa. En ese momento, el Ministerio Público objetó a que se considerara el archivo del caso por el Tribunal.

Ante la objeción del Ministerio Público, el Tribunal denegó la solicitud del peticionario, expresando que se trataba de una cuestión de discreción y que entendía que, tratándose de una agresión, no procedía considerar el archivo del procedimiento por la falta de interés de la parte perjudicada. El Tribunal se negó a celebrar una vista previo a emitir su determinación, y señaló el juicio nuevamente para el 15 de abril de 2004. Esta determinación fue tomada por un juez distinto al que había atendido el caso previamente.

Insatisfecho, el peticionario acudió ante este Tribunal. El peticionario también ha presentado una moción en auxilio de jurisdicción solicitando la paralización de los procedimientos.

## II

En su recurso, el peticionario plantea que el Tribunal erró al denegar de plano la solicitud de sobreseimiento de los procedimientos por la falta de interés de la perjudicada, bajo la Regla 247(b) de las de Procedimiento Criminal, sin haber celebrado una vista sobre dicho asunto, a pesar de que la misma había sido concedida previamente por otro magistrado.

Según hemos indicado, el recurrido fue acusado por una infracción al Art. 3.1 de la Ley Núm. 54, 8 L.P.R.A. sec. 631, el cual establece:

*"Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviera o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, para causarle daño físico a su persona, ... o para causarle grave daño emocional, será sancionada con pena de reclusión ..."*.

En el presente caso, la conducta imputada al peticionario fue la de agredir con los puños a la perjudicada en el rostro, y apretarla fuertemente e insultarla. No cabe duda de que esta conducta está comprendida dentro del artículo citado.

El peticionario, sin embargo, ha solicitado el archivo de los cargos en su contra, por la supuesta falta de interés de la perjudicada, según lo permite la citada Regla 247(b) de las de Procedimiento Criminal. Esta Regla

dispone, en lo pertinente:

*"REGLA 247: SOBRESEIMIENTO*

*(a) **Por el Secretario de Justicia o fiscal.** El Secretario de Justicia o el fiscal podrán, previa aprobación del tribunal, sobreseer una acusación con respecto a todos o algunos de los acusados, y el proceso contra dichos acusados quedará terminado. ...*

*(b) **Por el tribunal; orden.** Cuando ello sea conveniente para los fines de la justicia y previa la celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso.*

*...*

*(d) **Efectos.** El sobreseimiento decretado de acuerdo con esta regla impedirá un nuevo proceso por los mismos hechos."*

34 L.P.R.A. Ap. II, R. 247.

No cabe duda que la decisión de acusar y procesar criminalmente a una persona por la violación a un estatuto de ordinario corresponde, en primera instancia, exclusivamente al Ministerio Público. Véase, *Pueblo v. Castellón,* **2000 J.T.S. 84,** a la pág. 1,117; *Pueblo v. Dávila Delgado,* 143 D.P.R. 157, 170-171 (1997); *Pueblo v. Rexach Benítez,* 130 D.P.R. 273, 298-299 (1992); véase, además, *Pueblo v. Esquilín Maldonado,* 152 D.P.R. ____ (2000), **2000 J.T.S. 164,** a las págs. 235-236; *Pueblo v. Cintrón Antonsanti,* 148 D.P.R. 39 (1999).

El Tribunal carece de la facultad de obligar a alguna de las partes a entrar en conversaciones para lograr una solución del caso mediante un preacuerdo, si ésta no desea hacerlo. *Pueblo v. Santiago Agricourt,* 147 D.P.R. 179, 195 (1998); *Pueblo v. Figueroa García,* 129 D.P.R. 798, 810 (1992); *Pueblo v. Ayala Rodríguez,* 116 D.P.R. 382, 385-386 (1985); *Pueblo v. Mojica Cruz,* 115 D.P.R. 569, 579-581 (1984).

En el presente caso, según hemos visto, el Ministerio Público ha expresado su interés en que el peticionario sea llevado a juicio por los hechos y se ha opuesto a desistir de la acusación. El peticionario, sin embargo, ha invocado la discreción concedida al Tribunal bajo la citada Regla 247(b), al solicitar al foro recurrido que ordene el sobreseimiento del proceso, alegando que ello resulta *"conveniente para los fines de la justicia".*

En *Pueblo v. Castellón,* **2000 J.T.S. 84,** el Tribunal Supremo de Puerto Rico consideró cuándo y en qué circunstancias un Tribunal puede autorizar el archivo de una acusación o denuncia bajo las disposiciones de la Ley Para la Prevención e Intervención de la Violencia Doméstica, bajo la Regla 247(b) de las de Procedimiento Criminal.

En dicho caso el Tribunal Supremo advirtió que:

*"La víctima o testigo de un delito no tiene el poder de vetar la actuación o el curso de acción que el fiscal entienda procedente seguir en el caso. ... Esto es así porque los delitos en general son ofensas cometidas contra la sociedad y no contra un individuo en particular. ...*

*La aplicación de las leyes penales no se deja a la potestad de los particulares. Aunque la víctima de un delito perdone a su ofensor, corresponde al poder público determinar si acusa y juzga al delincuente. De ahí que el derecho penal se considere como una ofensa de carácter público, ya que aunque representa un ataque*

*directo a los derechos de los individuos, ... su efecto último es sobre los derechos del cuerpo político."*

**2000 J.T.S. 84**, a las págs. 1,117-8.

El Tribunal señaló que conforme al lenguaje expreso de la Regla 247(b), la determinación del Tribunal de ordenar el sobreseimiento de una acusación está condicionada a la *"previa celebración de vista"* y a que dicha determinación *"sea conveniente para los fines de la justicia"*. **2000 J.T.S. 84**, a la pág. 1,115.

El Tribunal Supremo explicó que, para ejercitar dicha facultad, el Tribunal de Primera Instancia debe considerar los siguientes factores: (1) la evidencia con que cuenta el Ministerio Público para establecer su caso, (2) la naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar, (4) el tiempo que el acusado lleva encarcelado, (5) la posibilidad de amenaza u hostigamiento, (6) probabilidad de que en el juicio pueda traerse nueva o evidencia adicional, y (7) si sirve a los mejores intereses de la sociedad proseguir con el procedimiento. *Id.,* a la pág. 1,116.

El Tribunal advirtió que en casos de violencia doméstica, no debe prestarse demasiado énfasis a la falta de interés expresada por la víctima, toda vez que en este contexto, las personas objeto de maltrato a menudo se ven coaccionadas por distintos factores a retirar los cargos, sin que ello brinde solución al problema social y de interés público que ha provocado la acusación en primer lugar. Previo a ordenar el archivo, el Tribunal debe considerar los factores enumerados, así como si la existencia de un *"plan auténtico para establecer la buena convivencia familiar; así por ejemplo, si la víctima y el acusado demuestran que están recibiendo ayuda profesional conducente a modificar la conducta del agresor"*. *Id.,* a la pág. 1,119.

En el presente caso, según hemos visto, el Tribunal de Primera Instancia denegó de plano la solicitud de sobreseimiento del peticionario, en atención a las alegaciones de la acusación, las que indicaban que el peticionario había agredido físicamente a la perjudicada. No estamos en posición de concluir que el Tribunal hubiera abusado de su discreción al así actuar.

Lo cierto es que existe una clara política pública en nuestra jurisdicción dirigida a combatir la violencia en el seno doméstico o familiar. 8 L.P.R.A. sec. 601; *Pueblo v. Roldán López*, 157 D.P.R. ___ (2002), **2002 J.T.S. 125**, a la pág. 188; *Pueblo v. Figueroa Santana*, 154 D.P.R. ___ (2001), **2001 J.T.S. 115**, a la pág. 1,601; *Pueblo v. Castellón*, **2000 J.T.S. 84**, a la pág. 1,118; *San Vicente v. Policía de P.R.,* 142 D.P.R. 1, 7 (1996); *Pueblo v. Rivera Morales*, 133 D.P.R. 444, 455 (1993).

No puede admitirse, en vista de dicha política, que constituya un fin legítimo de la justicia el archivo de una denuncia bajo la Ley para la Prevención e Intervención con la Violencia Doméstica por el fundamento principal de la mera *"falta de interés"* de la parte perjudicada. *Pueblo v. Castellón*, **2000 J.T.S. 84**, a la pág. 1,118.

El peticionario plantea que el Tribunal de Primera Instancia erró al denegar su solicitud de sobreseimiento sin la celebración de una vista. El hecho de que la Regla 247(b) requiera la celebración de una vista previa para ordenar el sobreseimiento de una acusación, en la que el Tribunal deba considerar los criterios esbozados en el citado precedente de *Pueblo v. Castellón*, no implica que dicha vista resulte necesaria, cuando el Tribunal determina **no** archivar los procedimientos.

Si así fuera, desde luego, cualquier acusado podría provocar la suspensión de un juicio con el mero artificio de presentar una solicitud de sobreseimiento. Lo anterior abriría las puertas, además, para que, previo a la celebración del juicio, el acusado intentara influir en la determinación del Tribunal mediante la presentación de prueba extrínseca dirigida a establecer su buena conducta.

Debemos rechazar dicha interpretación. El hecho es que no se favorece que los casos sean archivados por el

Tribunal, en contra de la voluntad del Ministerio Público, que es a quien corresponde determinar si se somete a una persona a un procedimiento criminal. Las trabas procesales establecidas por la Regla 247(b) y adoptadas por el Tribunal Supremo de Puerto Rico en *Pueblo v. Castellón* van dirigidas, precisamente, a que la decisión de ordenar el archivo y sobreseimiento de un caso criminal sea producto de una reflexión apropiada por el Tribunal de Primera Instancia y de una ponderación de los intereses envueltos.

La actuación contraria, de denegar la solicitud de sobreseimiento, no requiere dichas garantías, porque la misma permite que el proceso siga su curso y que los hechos y circunstancias que rodean al acusado sean ventilados de forma apropiada mediante la celebración de un juicio y en la confección de los informes post-sentencia.

En el presente caso, estimamos que el Tribunal de Primera Instancia actuó dentro de su discreción al denegar la solicitud del peticionario.

El peticionario también se queja de que el Tribunal de Primera Instancia denegara su solicitud, a pesar de que un magistrado anterior hubiera accedido a la celebración de la vista solicitada. Lo cierto es que, tratándose de una decisión de naturaleza interlocutoria, no existía impedimento alguno para que el Tribunal variara su determinación. Véase, *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 D.P.R. ___ (2000), **2000 J.T.S. 189**, a la pág. 439; *Noriega v. Gobernador,* 130 D.P.R. 919, 931 (1992); *Núñez Borges v. Pauneto Rivera,* 130 D.P.R. 749, 755 (1992); *Rivera v. Insurance Co. of P.R.,* 103 D.P.R. 91, 94 (1974); *Don Quixote Hotel v. Tribunal Superior,* 100 D.P.R. 19, 29 (1971); véase, además, *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 222 (1975).

Por los fundamentos expresados, se deniega el auto solicitado. Se deniega, similarmente, la moción en auxilio de jurisdicción presentada por el peticionario. Notifíquese por teléfono y vía facsímil, además de por la vía ordinaria.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General