ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>WALKIN ARIEL ARIAS DE LA CRUZ<br><br>Peticionario | KLCE202500129 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. KLE2024G0300 KLE2024G0301 KLE2024G0302<br><br>Sobre: Renuncia Acusado Acuerdo Culpabilidad con El Pueblo de Puerto Rico |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Este recurso de *certiorari* fue presentado el 7 de febrero de 2025 por el peticionario, señor Walkin Ariel Arias de la Cruz. La parte recurrida (el Pueblo de Puerto Rico) presentó su escrito en oposición a la expedición del auto, según requerido y el recurso está perfeccionado para ser resuelto, lo que aquí hacemos.

Por los fundamentos que se discuten a continuación, denegamos expedir el auto solicitado.

## I.

El señor Arias De La Cruz, aquí peticionario, fue imputado por violar los Artículos 3.5, 3.2 (d) y 3.3 de la Ley 54 de 15 de agosto de 1989, conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica*, según enmendada, 8 LPRA sec. 601 *et seq*. (Ley 54) y por el Art. 195 del Código Penal

Número Identificador
RES2025 _____

2012, 33 LPRA sec. 265. En este último delito hubo una determinación de no causa en la etapa de vista preliminar.

Producto de unas negociaciones entre la fiscalía y el acusado, a través de su abogado, el 28 de octubre de 2024 se celebró una vista de status. En ella, el abogado de la defensa del acusado, en presencia de este, informó que tenía que reunirse con su cliente para explicarle el acuerdo al que había llegado con fiscalía. Por ello, solicitó otra vista de status para que se pudiera evaluar al acusado en torno a dicho acuerdo. Conforme a lo solicitado, el Tribunal señaló el caso para el 4 de noviembre de 2024.

La vista de estatus se celebró según pautada, el 4 de noviembre de 2024. En ella, estuvieron presentes el acusado, su abogado, la Fiscal Hon. Shana G. Gould, en representación del Ministerio Público, y la perjudicada.

Durante dicha vista se detalló el acuerdo negociado entre la fiscalía y el acusado, el cual consistió en la reclasificación del Art. 3.5 a tentativa de Art. 3.2(b); el Artículo 3.2(d) a tentativa del Art. 3.2(d) y el Art. 3.3 se mantuvo, según lo imputado.

El TPI, luego de cerciorarse de que el imputado entendía las implicaciones de su alegación de culpabilidad y que lo hacía de manera libre, inteligente, voluntaria y con conocimiento de lo que implicaba su alegación, aceptó el acuerdo y se declaró culpable de los siguientes delitos: tentativa del Art. 3.2(b); tentativa del Art. 3.2(d) e infracción al Art. 3.3 de la Ley 54, supra.

El 10 de diciembre de 2024, el abogado del acusado presentó una Moción titulada "Moción solicitando se deje sin efecto resolución enmendada y acuerdos con fiscalía y solicitud de Juicio en su Fondo, por Jurado." El 12 de diciembre de 2024 el TPI le

concedió al Ministerio Público siete (7) días para contestar la misma.

Mediante "Moción en Oposición a Moción se deje sin efecto Resolución Enmendada y Acuerdos con Fiscalía y Solicitud de Juicio en su Fondo, Por Jurado," presentada el 27 de diciembre de 2024, la Fiscalía se opuso a la pretensión del acusado de renunciar al acuerdo.

Tras evaluar las posturas, el TPI, el 3 de enero de 2025, archivada en autos el 8 de enero de 2025, declaró No Ha Lugar a lo solicitado en la Moción del Acusado. Inconforme, el 9 de enero de 2025, el acusado presentó una Solicitud de Reconsideración. La misma se discutió en el TPI en vista celebrada el 13 de enero de 2025, y por orden emitida en esa misma fecha y notificada el 17 de enero de 2025, el TPI la declaró No Ha Lugar.

No conforme con la determinación del TPI, la parte peticionaria presentó un "Escrito de Certiorari" el 7 de febrero de 2025. Este foro mediante "Resolución" del 18 de febrero de 2025, le concedió a la parte recurrida un término para presentar su escrito en oposición. Luego de evaluar los escritos de ambas partes comparecientes y los documentos unidos a los mismos, denegamos el auto de *Certiorari*.

En dicho recurso del peticionario y acusado en el TPI, plantea el siguiente señalamiento de error:

> El Tribunal de Primera Instancia cometió el error de no proteger los derechos constitucionales del aquí peticionario a arrepentirse de los acuerdos y solicitar Juicio en su Fondo por Jurado, estableciendo en Corte Abierta que los acuerdos fueron válidos, que se le hicieron todas las advertencias de ley, y el Tribunal decidió sostenerse en dicha determinación, cuando se le explicó claramente que esa no era la controversia en este caso.

Pasemos a analizar el estado de derecho en el cual fundamentamos nuestra determinación.

**II.**

**A.**

El recurso de *Certiorari* es un auto procesal extraordinario, por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo*, *supra*; *Pueblo v. Díaz de León*, 176 DPR 913, 917-918 (2009). Sin embargo, esa discreción no es irrestricta. Así, el Tribunal Supremo ha expresado que los jueces, "so pretexto de ejercer su discreción, no pueden olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia". *Pueblo v. Rivera Montalvo*, *supra; Pueblo v. Ortega Santiago*, 125 DPR 203, 214 (1990).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Pueblo v. Ortega Santiago*, *supra*, pág. 211. El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, *supra*. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, *supra*, pág. 581.

La Regla 40 de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, señala los criterios que debemos tomar en

consideración al atender una solicitud de expedición de un auto de *Certiorari*. *Pueblo v. Rivera Montalvo*, *supra*. Esta dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Lluch v. España Service Sta.,* 117 DPR 729 (1986); *Zorniak v. Cessna*, 132 DPR 170 (1992).

A su vez, la denegatoria a expedir el auto de certiorari, no implica la ausencia de error en el dictamen cuya revisión se solicitó

ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B.**

En Pueblo v. Mojica Cruz, 115 DPR 569, 579-581 (1984), el Tribunal Supremo de Puerto Rico, "en el descargo de [su] obligación de pautar el derecho procesal y particularmente de impartir certidumbre y fluidez a los procedimientos", reconoció la constitucionalidad del sistema de alegaciones preacordadas, que ya era práctica generalizada para esa fecha en los tribunales de primera instancia en Puerto Rico, y pautó la norma a seguir en el trámite de las mismas.  A su vez, la Ley Núm. 37 del 28 de junio de 1985, formalizó estatutariamente la procedencia de las alegaciones preacordadas añadiendo la Regla 72 al cuerpo de Reglas de Procedimiento Criminal, 34 LPRA, Ap. II. Véase además *Pueblo v. Pérez Adorno*, supra.

La Regla 72 de Procedimiento Criminal de Puerto Rico establece y regula en nuestra jurisdicción las alegaciones preacordadas. Dicha Regla en lo pertinente dispone:

> En todos aquellos casos en que mediaren alegaciones preacordadas entre la defensa del imputado y el representante del Ministerio Público, se seguirá el siguiente procedimiento:
> (1)    El fiscal y el imputado, por mediación de su abogado, podrán iniciar conversaciones con miras a acordar que, a cambio de una alegación de culpabilidad por el delito alegado en la acusación o denuncia, o por uno de grado inferior o relacionado, el fiscal se obliga a uno o varios de los siguientes cursos de acción.
> (a)    Solicitar el archivo de otros cargos pendientes que pesen   sobre él;
> (b)    eliminar alegación de reincidencia en cualquiera de sus          grados;
> (c) recomendar una sentencia en particular o no oponerse a la solicitud que haga la defensa sobre una

sentencia específica, entendiéndose que ni lo uno ni lo otro serán obligatorios para el tribunal, o

(d) acordar que determinada sentencia específica es la que dispone adecuadamente del caso.

El Tribunal no participará en estas conversaciones.

(2) De llegarse a un acuerdo, las partes notificarán de sus detalles al tribunal en corte abierta, o en cámara si mediare justa causa para ello. Dicho acuerdo se hará constar en récord. Si el imputado se refiere a alguno de los cursos de acción especificados en las cláusulas (a), (b) y (d) de inciso (1) de esta regla, el tribunal podrá aceptarlo o rechazarlo, o aplazar su decisión hasta recibir y considerar el informe presentencia. Si el curso de acción acordado fuere el tipo especificado en la cláusula (c) de dicho inciso el tribunal advertirá al imputado que, si la recomendación del fiscal o la solicitud de la defensa no es aceptada por el tribunal, el imputado no tendrá derecho a retirar su alegación.

(3) Si la alegación preacordada es aceptada por el tribunal, éste informará al imputado que la misma se incorporará y se hará formar parte de la sentencia.

(4) Si la alegación preacordada es rechazada por el tribunal, éste así lo informará a las partes y advertirá al imputado personalmente en corte abierta, o en cámara si mediare justa causa para ello, que el tribunal no está obligado por el acuerdo, y brindará al imputado la oportunidad de retirar su alegación. Le advertirá, además, que, si persiste en su alegación de culpabilidad, la determinación final del caso podrá serle menos favorable que la acordada entre su abogado y el fiscal. De este trámite se tomará constancia en el récord.

…

(7) Al decidir sobre la aceptación de una alegación preacordada el tribunal deberá cerciorarse de que ha sido hecha con pleno conocimiento, conformidad y voluntariedad del imputado; que es conveniente a una sana administración de justicia, y que ha sido lograda conforme a derecho y a la ética. A este fin, el tribunal podrá requerir del fiscal y del abogado del imputado aquella información, datos y documentos que tengan en su poder y que estime necesarios, y podrá examinar al imputado y a cualquier otra persona que a su juicio sea conveniente."[1]

Cuando un acusado hace alegación de culpabilidad éste renuncia a ciertos derechos constitucionales tales como "el derecho a que se pruebe su culpabilidad más allá de duda razonable, el derecho a un juicio justo, imparcial y público, el

---

[1] Ver Regla 72, Reglas de Procedimiento Criminal, 34 LPRA, Sec. 72.

derecho a ser juzgado ante un Juez o un Jurado, y el derecho a presentar evidencia a su favor y rebatir la evidencia presentada en su contra". *Pueblo v. Román Mártir*, supra, pág. 821. Nunca, sin embargo, la alegación de culpabilidad implica que el acusado renuncia al derecho a un debido proceso de ley, según consagrado éste en la Sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico. Así, en *Pueblo v. Román Mártir*, supra, págs. 821-822, el Tribunal describió la cláusula del debido proceso de ley como

> "la disposición matriz de la garantía de los derechos individuales ante la intervención injustificada del Estado con el ciudadano… [que] representa la garantía fundamental de protección que tiene un ciudadano contra los posibles abusos o usos arbitrarios de poder que haga el Estado, [constituyendo ésta] la máxima garantía de la aspirada justicia plena e imparcial."

Velando por el respeto al anterior precepto constitucional, en *Pueblo v. Santiago Agricourt*, 147 DPR 179, 198-199 (1998), el Tribunal Supremo enfatizó que el tribunal sentenciador, antes de aceptar una alegación preacordada, debe cerciorarse que la misma es voluntaria e inteligente, es decir, que el acusado es consciente "de todos los efectos y repercusiones de la alegación".

Debe el tribunal de instancia en su sana discreción, "asegurarse de que existe relación causal entre los hechos cometidos por el acusado y el delito imputado en su contra". Id. El análisis "sobre si hay base en los hechos para apoyar la alegación", añade el Tribunal, "es uno adicional al análisis de voluntariedad, conciencia e inteligencia." Id. Mientras que el primer análisis es uno de "derecho en virtud del cual se determina si de los hechos surge que se configuran los elementos del delito", el segundo análisis es uno "subjetivo mediante el cual el tribunal determina si el estado mental del acusado es uno de pleno

conocimiento, voluntariedad, consciencia e inteligencia al formular la alegación." Id.

Aclaró el Tribunal Supremo en Pueblo v. Santiago Agricourt, supra, pág. 205, que cuando, mediante la alegación preacordada, el acusado hace alegación de culpabilidad ya sea por el delito imputado, o por uno relacionado con el originalmente imputado, o por un delito menor incluido o de grado inferior, "el tribunal debe cerciorarse de que existe base suficiente en los hechos para sostener que el acusado sería culpable de dicho delito si los hechos se probaran más allá de duda razonable en un juicio plenario".

Añadió el máximo foro que "[u]na vez el juez quede satisfecho de que existe base en los hechos para sostener la alegación de culpabilidad se cumplen los requisitos del debido proceso de ley". Id. pág. 203.

Una vez el tribunal acepta la alegación preacordada queda ésta "consumada" y las partes están vinculadas por lo pactado. Pueblo v. Santiago Agricourt, supra, pág. 205.

También nos indica Chiesa Aponte, citando a *Pueblo v. Figueroa García*, 129 DPR 798 (1992), que [e]l derecho contractual sólo puede ser utilizado por analogía en esta zona [entiéndase el momento antes de que el Tribunal apruebe una alegación pre acordada], siempre que al hacerlo no se viole la naturaleza del proceso penal, los derechos constitucionales de los imputados, los estatutos y la política pública protegida por el derecho procesal penal. E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1993, Vol. III, pág. 293.

Cabe señalar que la alegación preacordada no es un contrato tradicional entre dos (2) partes: el imputado y el Estado. No podemos hablar de un precontrato, de una oferta u opción de

alegación entre las partes donde pueda exigirse el cumplimiento específico por alguna de las partes. Adviértase que, bajo tal razonamiento, cuando el retiro de la negociación provenga del acusado, el Ministerio Público podría exigir el cumplimiento específico de la alegación de culpabilidad, aun cuando ésta no haya sido aceptada por el tribunal. Según nuestro esquema constitucional, las implicaciones que tendría poner en vigor tal opción resultan insostenibles.

En la alegación preacordada, el acuerdo de voluntades entre el imputado y el Estado depende -para su consumación- de la aprobación final del tribunal. Regla 72 de Procedimiento Criminal, *supra.* Con anterioridad a ese momento, no existe bilateralidad entre las obligaciones de las partes, pues el imputado queda libre de retirar su alegación preacordada antes de que el tribunal apruebe el acuerdo." (énfasis original; subrayado nuestro) *Pueblo v. Figueroa García*, supra, pág. 806.

En *Pueblo v. Pérez Adorno*, 178 DPR 946, 955-956 (2010), el Tribunal Supremo reiteró que una de las principales razones para adoptar la figura jurídica de la alegación pre acordada "fue la conveniencia administrativa que representaba poder utilizar un sistema donde se dispusiera de los casos criminales, sin la celebración de un juicio plenario". Sin alegaciones pre acordadas, "sería muy difícil, si no imposible, enjuiciar a todos los acusados dentro de los términos dictados por el ordenamiento procesal y la Constitución".

A continuación, consideramos a bien remitirnos a las expresiones sobre las alegaciones pre acordadas que el Tribunal Supremo consignó en *Pueblo v. Pérez Adorno*, supra, págs. 956-961:

En Puerto Rico, en *Pueblo v. Mojica Cruz*, 115 DPR 569 (1984), reconocimos la validez constitucional del mecanismo de las alegaciones preacordadas, así como la utilidad que ello representa para la disposición de los casos penales. Véase, además, *Pueblo v. Suarez*, 162 DPR 172 (2004). Luego de este aval judicial local, la Asamblea Legislativa de Puerto Rico aprobó la Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II, R. 72, para codificar expresamente los requisitos que se tienen que cumplir al realizar la alegación preacordada, de manera que ésta pueda dar base a una sentencia condenatoria.

Entre otras cosas, para que este acuerdo tenga efecto jurídico, es necesario que tenga la aceptación del tribunal. La función del juez está detallada en el inciso (7) de la Regla 72, *supra*. Este inciso establece que cuando se presenta el acuerdo ante el tribunal, el juez tiene que ponderar si acepta o rechaza la alegación de culpabilidad mediante una evaluación de si:(1) la alegación fue hecha con pleno conocimiento, conformidad y voluntariedad del imputado; (2) ésta es conveniente a una sana administración de la justicia; y (3) se logró conforme a derecho y a la ética. Si el acuerdo no satisface estos requisitos, entonces el juez tiene que rechazarlo. Además, el juez deberá cerciorarse de que existe base suficiente en los hechos para sostener que el acusado resultaría culpable más allá de duda razonable en caso de llevarse a cabo un juicio. *Pueblo v. Santiago Agricourt*, 147 DPR 179 (1998). Véase, además, *Pueblo v. Cintrón Antonsanti*, 148 DPR 39 (1999).

En reiteradas ocasiones hemos enfatizado que una vez el tribunal acepta el acuerdo, éste queda "consumado". *Pueblo v. Santiago Agricourt*, supra, pág. 194. Es por esta razón que antes de que el tribunal haya aceptado el acuerdo, cualquiera de las partes puede retirar su oferta. Precisamente, en *Pueblo v. Figueroa*, supra, resolvimos que cuando el tribunal acepta el acuerdo y el acusado hace la correspondiente alegación de culpabilidad, las partes no pueden retirar lo acordado, por lo que cualquier intento a tales efectos es un incumplimiento del acuerdo. Véase, además, E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1993, Vol. III, págs. 294-295.

[…] Cuando el acuerdo es aceptado por el tribunal y el acusado hace alegación de culpabilidad, las partes están vinculadas por lo pactado. […]

[…]

Como señaló el Tribunal Supremo federal en *Santobello v. New York*, supra, cuando hay incumplimiento del acuerdo por parte del Ministerio Público, procede devolver el caso al tribunal sentenciador para que dé un remedio al acusado, ya sea que se le permita retirar la alegación de culpabilidad o se ordene el cumplimiento específico del acuerdo por parte del Ministerio Público. Al así decidir, el Tribunal Supremo federal señaló:

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that <u>when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled</u>. *Santobello v. New York*, supra, pág. 499.

[…]

[…] Una vez el tribunal acepta el acuerdo y el acusado hace la correspondiente alegación de culpabilidad quedan implicados los derechos constitucionales del acusado, quien tiene derecho a que lo acordado y aceptado se cumpla en su totalidad. Por tanto, <u>una vez el acusado hace la alegación de culpabilidad y el tribunal, como institución, acepta el acuerdo, el juez no puede rechazarlo posteriormente. Lo contrario sería permitir que después que el acusado hace alegación de culpabilidad por confiar en el acuerdo aceptado, el tribunal revierta su determinación y sentencie al acusado sin considerar lo acordado. Esto sin duda menoscabaría los derechos del acusado</u>. […]" (subrayado nuestro)

En resumen, si bien las negociaciones previas a la alegación pre acordada no forman parte del acuerdo como tal, si lo entonces prometido figura en el acuerdo y <u>el Tribunal lo aprueba</u>, no puede luego el foro judicial descartar lo prometido y aprobado, para por ejemplo ordenar otro tipo de pena que no fuera la incluida en el acuerdo.

**III.**

El peticionario menciona en su señalamiento de error que el TPI, "cometió el error de no proteger los derechos constitucionales del aquí peticionario a arrepentirse de los acuerdos y solicitar Juicio en su Fondo por Jurado, estableciendo en Corte Abierta que los acuerdos fueron válidos …". Ese error, único señalado, no se cometió.

El mismo peticionario en su recurso admite y citamos: "El peticionario Walkin Ariel Arias de la Cruz, llegó a unos acuerdos con el Ministerio Público y, celebrada la vista, el Tribunal lo examinó y con pleno conocimiento, entendió que los acuerdos

arribados con el peticionario, luego de hechas todas y cada una de las advertencias, fueron hechos de forma libre y voluntaria."

No hay controversia de que el TPI cumplió con todas las advertencias y explicaciones necesarias al acusado para que este entendiera la consecuencia principal del acuerdo con fiscalía y esta era, se tenía que declarar culpable de los delitos que el Ministerio Público había indicado en el preacuerdo final entre fiscalía y acusado. Esa declaración de culpabilidad, una vez aceptada por el Tribunal como hecha de forma inteligente, libre y voluntaria tiene la consecuencia de incluir, de parte del acusado una renuncia de derechos a ciertos derechos constitucionales, que son los que ahora intenta reclamar.

No se desprende que haya mediado prejuicio o parcialidad en el dictamen recurrido, ni que éste sea contrario a Derechos Constitucionales tales como "el derecho a que se pruebe su culpabilidad más allá de duda razonable, el derecho a un juicio justo, imparcial y público, el derecho a ser juzgado ante un Juez o un Jurado, y el derecho a presentar evidencia a su favor y rebatir la evidencia presentada en su contra". *Pueblo v. Román Mártir*, supra, pág. 821. Una vez, el Juez aprobó el preacuerdo y aceptó válidamente la declaración de culpabilidad del acusado por los delitos que fueron parte del acuerdo, al acusado ya no le cobijan los derechos a los que renunció al aceptar el preacuerdo.

Al observar detenidamente el expediente del recurso de *Certiorari,* junto al derecho aplicable, concluimos que no procede la expedición del auto solicitado. No tenemos duda que la actuación del TPI fue correcta y se aseguró la voluntariedad de la renuncia del acusado a todos los derechos que antes hemos detallado y que le impedían reclamar éstos, luego de renunciarlos. No procede expedir el auto solicitado.

**IV.**

Por los fundamentos antes expuestos, no se expide el auto solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones