EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
|---|---|
| Recurrido | |
| v. | 2016 TSPR 221 |
| Aneudy E. Delgado Torres | 196 DPR ____ |
| Peticionario | |

Número del Caso: CC-2016-458

Fecha: 31 de octubre de 2016

Tribunal de Apelaciones:

Región Judicial de San Juan, Panel III

Abogados de la parte Peticionaria:

Por derecho propio

Materia: Resolución con Voto de Conformidad y Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.

                         Núm. CC-2016-458     Certiorari

Aneudy E. Delgado Torres

    Peticionario

RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2016.

Examinada la petición de *certiorari* presentada en este caso, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto de Conformidad. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

      Recurrido

        v.

                                      CC-2016-0458

Aneudy E. Delgado Torres

      Peticionario

Voto de Conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 31 de octubre de 2016.

La petición del Sr. Aneudy. E. Delgado Torres es improcedente y a destiempo. Aquí no cabe hablar de una violación del debido proceso de ley porque el señor Delgado Torres no tiene un interés legítimo en que se perpetúe un cómputo ilegal en una sentencia.

Lo que tenemos ante nosotros es algo menos complicado de lo que parece. Un acusado hizo una alegación de culpabilidad en 2005 que dio lugar a que el tribunal dictara sentencia. Esa sentencia recogió el acuerdo entre el fiscal y el señor Delgado Torres pero incluyó una disposición de que las penas por violar la Ley de Armas se cumplieran

concurrentemente con las penas por otros delitos. Ese cómputo de la sentencia es contrario a la Ley de Armas que ordena que esas penas se cumplan de forma consecutiva. Art. 7.03 de Ley Núm. 404-2000, 25 LPRA sec. 460b. Por lo tanto, el Tribunal de Primera Instancia enmendó la sentencia a finales de 2008 para establecer la manera correcta en que se debe computar la condena. No cambió las penas ni los delitos por los que el acusado se declaró culpable. No estamos ante un acuerdo ilegal o imposible de cumplir sino ante un error en la sentencia respecto a cómo se computarían las penas. Eso es algo claramente sujeto a corrección en cualquier momento. Por ende, tampoco estamos ante una enmienda ilegal a una sentencia.

Aunque esa sentencia enmendada hoy es final y firme, el señor Delgado Torres esperó seis años para quejarse del proceder del foro primario. Para ello pretende utilizar la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II. El problema que tiene el peticionario es que esa regla es para cuestionar la legalidad – no la corrección- de una sentencia que "adolece de un defecto fundamental que conlleva inevitablemente una violación al debido procedimiento de ley[…]"[1], pero el señor Delgado Torres la invoca para todo lo contrario: Para perpetuar un error. El cómputo en la sentencia original es

---

[1] Pueblo v. Pérez Adorno, 178 DPR 946, 966 (2010).

contrario a Derecho; la enmendada es la sentencia correcta, según la ley.

Por eso la disidencia invoca el derecho que tiene un acusado a retirar su alegación de culpabilidad. Eso choca con la realidad de que cuando el acusado hizo esa alegación se le advirtió de las consecuencias de lo que hacía y que el acuerdo con la fiscalía no obligaba al juez. El Pueblo de Puerto Rico v. Torres Cruz, 194 DPR 53 (2015). Ahora se pretende darle una categoría de "derecho adquirido", protegido por la Constitución, a un cómputo ilegal en una sentencia.

La pregunta obligada es qué hizo el señor Delgado Torres cuando se enmendó la sentencia original. Respuesta: Nada. Se le ocurrió atacar la sentencia enmendada en 2015, seis años después, sin base firme, como si su ignorancia de la ley le eximiera de que se le aplique. El Derecho no favorece los ataques colaterales a las sentencias. Se permiten, como excepción, si el acusado "puede demostrar que se le violaron sus derechos". Pueblo v. Pérez Adorno, 178 DPR 946, 949 (2010). Eso no sucedió aquí. No procede un ataque colateral a una sentencia válida para perpetuar una "gansería".

Rafael L. Martínez Torres
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                        CC-2016-458     Certiorari

Aneudy E. Delgado Torres

    Peticionario

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 31 de octubre de 2016.

Hoy una Mayoría de este Tribunal opta por no intervenir en este caso y, con ello, permite que a un ciudadano *automáticamente* se le duplique la pena de reclusión impuesta, como resultado de una enmienda posterior a la sentencia original que recogía el convenio de una alegación preacordada. De esta forma, se pierde la ocasión para determinar si se vulnera el debido proceso de ley al enmendar, sin más, una sentencia -producto de una alegación preacordada- sin otorgarle un remedio a la persona acusada, quien bajo el entendido de que el acuerdo alcanzado se

cumpliría en su totalidad, decidió declararse culpable.

Por sostener que la controversia de epígrafe requería que este Tribunal se pronunciara en torno a este asunto particular y concediera un remedio adecuado al peticionario, disiento de la determinación de denegar el recurso instado. Veamos.

I

Como resultado de una alegación preacordada, el 9 de marzo de 2005, el Sr. Aneudy E. Delgado Torres (señor Delgado Torres o peticionario) fue sentenciado a cumplir diez años de reclusión por cometer el delito de robo, según tipificado en el derogado Código Penal de 1974, y diez años de reclusión por dos infracciones a la *Ley de Armas de Puerto Rico de 2000* (Ley de Armas), Ley Núm. 404-2000, 25 LPRA sec. 455 *et seq.*[2] En conformidad con lo determinado en la Sentencia producto de la alegación preacordada, esas penas de reclusión debían cumplirse de forma concurrente entre sí y consecutivas con cualquier otra que estuviese cumpliendo el señor Delgado Torres. *Véase* Apéndice de la petición de *certiorari*, pág. 14.

Transcurridos más de tres años, el 18 de diciembre de 2008, la Administración de Corrección y Rehabilitación (Administración) solicitó una modificación a la Sentencia, al amparo de la Regla 185 de Procedimiento Criminal, 34 LPRA sec. 185. En esencia, argumentó que el dictamen emitido era contrario a lo establecido en el

---

[2]Del expediente se desprende que el Sr. Aneudy E. Delgado Torres se encuentra cumpliendo la pena de reclusión impuesta en una institución penal en Guayama.

Art. 7.03 de la Ley de Armas, 25 LPRA sec. 460b. Por tanto, arguyó que las penas de reclusión impuestas al señor Delgado Torres debían cumplirse de forma consecutiva. Celebrada una vista para atender lo alegado por la Administración, el 21 de enero de 2009, el Tribunal de Primera Instancia enmendó la sentencia original y, en lo pertinente, determinó que las penas de reclusión fuesen cumplidas consecutivamente. *Véase* Apéndice de la petición de *certiorari*, pág. 2.

Inconforme con ese proceder, el 7 de enero de 2015, el señor Delgado Torres presentó ante el foro primario, por derecho propio, una moción al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA sec. 192.1. En ésta, solicitó que se dejara sin efecto la Sentencia Enmendada y, por consiguiente, se reestableciera la original. En lo pertinente, fundamentó su petitorio en que el dictamen emitido en el 2005 fue producto de un acuerdo alcanzado entre su representación legal y el Ministerio Público, el cual fue acogido enteramente por el tribunal. Tras examinar la referida moción, el foro primario la denegó.

En desacuerdo, el señor Delgado Torres recurrió, por derecho propio, ante el Tribunal de Apelaciones. En síntesis, señaló que el Tribunal de Primera Instancia incidió al denegar su moción. Sostuvo que la determinación de enmendar la sentencia original se basó únicamente en la petición instada por la Administración. Asimismo, afirmó que el proceder del tribunal fue errado,

toda vez que actuó en contravención al acuerdo alcanzado en el 2005, conforme al cual se dictó sentencia.

Examinado el recurso, el 30 de octubre de 2015, el Tribunal de Apelaciones dictó una Resolución mediante la cual denegó su expedición. Razonó que la determinación del foro primario de denegar la moción bajo la precitada Regla 192.1 fue correcta en derecho y no se hizo mediando prejuicio, parcialidad o error craso o manifiesto. Concluyó que el dictamen emitido en el 2009 no era ilegal, ya que procedía la enmienda introducida a la sentencia dictada en el 2005. A su vez, el foro apelativo intermedio determinó que ante la realidad de que la Sentencia Enmendada fue emitida en el 2009 y de ella no se recurrió, la misma advino final y firme. Finalmente, señaló que de la moción presentada por el peticionario no surgía ninguna de las circunstancias que establece la referida Regla 192.1 para que fuese declarada con lugar.

En disconformidad con lo resuelto, el señor Delgado Torres acude, por derecho propio, ante este Tribunal mediante recurso de *certiorari*. En éste, reproduce los argumentos esgrimidos ante los foros recurridos. Esto es, reitera que la enmienda efectuada en el 2009 es nula e ilegal, toda vez que infringe su derecho constitucional a un debido proceso de ley. Ello pues, señala que esa enmienda incumple con el acuerdo enteramente acogido por el tribunal en el 2005, en el cual él confió y por el cual decidió declararse culpable, renunciando así a otros

derechos constitucionales y estatutarios que le cobijaban.

Del mismo modo, el señor Delgado Torres hace hincapié en que la enmienda realizada es contraria a derecho, pues en lugar de enfrentar una pena de reclusión con una finalidad de diez años -como fue el acuerdo en el cual confió y el que entendió se cumpliría en su totalidad- ahora se enfrenta a una condena de veinte años. Además, aunque reconoce que en su momento no encaró de lleno la modificación de su sentencia, sostiene que ello se debió a una deficiente representación legal. Amparado en todo lo anterior, solicita que declaremos ilegal la Sentencia Enmendada emitida en el 2009 y, por ende, reestablezcamos la sentencia dictada en el 2005, la cual acogió en su totalidad el acuerdo mediante el cual se declaró culpable de los delitos imputados.

Examinado el recurso de *certiorari* incoado por el señor Delgado Torres, una Mayoría de este Tribunal emitió una Resolución mediante la cual denegó su expedición. Convencido de que este caso ameritaba un pronunciamiento de este Tribunal a los efectos de resolver si se infringe el debido proceso de ley al enmendar, sin más, una sentencia -producto de una alegación preacordada- sin concederle un remedio a la persona acusada, disiento de la determinación de denegar el recurso instado. A continuación, elaboro los motivos que me mueven a ello.

II

Es norma conocida que en nuestro ordenamiento procesal penal una persona acusada puede declararse culpable o no culpable de los delitos imputados. *Véase* Regla 68 de Procedimiento Criminal, 34 LPRA sec. 68. De esta forma, cuando se formula una alegación de culpabilidad, la persona acusada abdica a ciertas garantías constitucionales y estatutarias que le amparan, a saber: (1) derecho a un juicio justo, imparcial y público; (2) derecho a ser juzgada ante un juez o jurado; (3) derecho a que se establezca su culpabilidad más allá de duda razonable, y (4) el derecho a presentar evidencia a su favor y a rebatir la prueba en su contra. Pueblo v. Acosta Pérez, 190 DPR 823, 829-830 (2014); Pueblo v. Montero Luciano, 169 DPR 360, 373-374 (2006); Pueblo v. Santiago Agricourt, 147 DPR 179, 192 (1998). En cambio, de mediar una alegación de no culpable, se entiende que la persona niega completamente lo atribuido en la denuncia o acusación presentada en su contra, por lo que el Ministerio Público viene obligado a probar su culpabilidad más allá de duda razonable. Pueblo v. Acosta Pérez, *supra*, pág. 830; Pueblo v. Santiago Agricourt, *supra*, pág. 192; v*éase*, además, Regla 73 de Procedimiento Criminal, 34 LPRA sec. 73.

Ante la realidad de que la alegación de culpabilidad implica una renuncia de valiosos derechos constitucionales y estatutarios, los foros judiciales deben ser muy cautelosos al momento de decretar si aceptan o no tal declaración. Por ende, ese proceso debe

estar rodeado de todas las garantías posibles. Con relación a ello, la Regla 70 de Procedimiento Criminal, 34 LPRA sec. 70, establece que "[e]l tribunal no aceptará la alegación de culpabilidad sin determinar primeramente que la misma se hace voluntariamente, con conocimiento de la naturaleza del delito imputado y de las consecuencias de dicha alegación". Íd. En ese sentido, para aceptar la declaración de culpabilidad, el magistrado debe cerciorase de que la renuncia de garantías procesales que ésta conlleva sea expresa, personal, voluntaria e inteligente y con conocimiento de los derechos a los cuales se renuncia y de las repercusiones. Pueblo v. Montero Luciano, *supra*, pág. 374; Pueblo v. Santiago Agricourt, *supra*, pág. 193. Así pues, el tribunal puede negarse a admitir una alegación de culpabilidad y ordenar la anotación de una alegación de no culpable. *Véase* Regla 71 de Procedimiento Criminal, 34 LPRA sec. 71. También puede permitir el retiro de una declaración de culpabilidad en cualquier momento antes de dictar sentencia. Íd.

**A.**

Pertinente al caso ante nos, es menester destacar que una alegación de culpabilidad puede ser el resultado de una negociación entre la representación legal de la persona acusada y el Ministerio Público. Tal acuerdo de voluntades se denomina comúnmente como "alegaciones preacordadas" y se produce cuando la persona imputada de delito se declara culpable a cambio de unos beneficios

que el Estado le concede. Pueblo v. Santiago Agricourt, *supra*, pág. 194; *véase*, además, Pueblo v. Mojica Cruz, 115 DPR 569 (1984). Así, en este tipo de acuerdo el Ministerio Público se compromete a realizar ciertas acciones, a saber: (1) solicitar que se archiven otros cargos pendientes contra la persona acusada; (2) eliminar la alegación de reincidencia; (3) recomendar una sentencia específica o no oponerse a la solicitud de la defensa en cuanto a una sentencia en particular, o (4) acordar que cierta sentencia dispone adecuadamente del caso. *Véase* Regla 72(1) de Procedimiento Criminal, 34 LPRA sec. 72(1); *véase*, además, Pueblo v. Acosta Pérez, *supra*, pág. 831.

Adviértase que este Tribunal ha subrayado que el Ministerio Público debe obrar con mucha cautela al momento de efectuar este tipo de acuerdo y cerciorarse de que el mismo procede en derecho. Pueblo v. Santiago Agricourt, *supra*, pág. 196. A esos efectos, hemos señalado que la responsabilidad inicial de una alegación preacordada es del Ministerio Público que negocia el acuerdo, mientras que la responsabilidad final es del tribunal sentenciador, quien imparte su aprobación. Íd.

En ese sentido, para que el acuerdo alcanzado entre la persona acusada y el Ministerio Público tenga efecto jurídico, es necesario que el tribunal lo acepte. *Véase* Regla 72 de Procedimiento Criminal, 34 LPRA sec. 72. En el ejercicio de ponderar si se acepta o rechaza el acuerdo, el foro judicial debe evaluar lo siguiente: (1)

si la alegación fue efectuada con pleno conocimiento, conformidad y voluntariedad de la persona imputada; (2) si la alegación es conveniente a una sana administración de la justicia, (3) y si ha sido lograda conforme a derecho y a la ética. *Véase* Regla 72(7) de Procedimiento Criminal, 34 LPRA sec. 72(7); *véanse*, además, Pueblo v. Torres Cruz, res. el 4 de noviembre de 2015, 2015 TSPR 147, 194 DPR ___ (2015); Pueblo v. Acosta Pérez, *supra*, págs. 831-832; Pueblo v. Pérez Adorno, 178 DPR 946, 957 (2010); Pueblo v. Santiago Agricourt, *supra*, págs. 198-199. Del mismo modo, éste debe cerciorarse de que la persona acusada esté consciente de todos los efectos y repercusiones que tendrá su alegación. Pueblo v. Acosta Pérez, *supra*, pág. 832. A su vez, debe asegurarse de que existe base suficiente en los hechos para sostener la declaración de culpabilidad. Pueblo v. Torres Cruz, *supra*; Pueblo v. Acosta Pérez, *supra*, pág. 832; Pueblo v. Pérez Adorno, *supra*, pág. 957. En caso de que no se cumplan estos requisitos, el foro judicial tiene que rechazar el acuerdo. Pueblo v. Torres Cruz, *supra*; Pueblo v. Pérez Adorno, *supra*, pág. 957.

Es doctrina reiterada que el tribunal cuenta con discreción para aceptar, rechazar, modificar o permitir el retiro de una alegación preacordada. *Véase* Regla 72(7) de Procedimiento Criminal, 34 LPRA sec. 72(7); *véanse*, además, Pueblo v. Torres Cruz, *supra*; Pueblo v. Acosta Pérez, *supra*, pág. 833; Pueblo v. Santiago Agricourt, *supra*, pág. 199. Sin embargo, esa potestad quedará

derrotada si el foro judicial se niega a permitir que la persona acusada retire una alegación de culpabilidad efectuada sin comprender la ley y los hechos o bajo una falsa representación. Pueblo v. Acosta Pérez, *supra*, pág. 833. Asimismo, se derrotará cuando surge alguna duda de la culpabilidad de la persona imputada, cuando ésta tiene una defensa meritoria o cuando se cumplen mejor los fines de la justicia sometiendo el caso a un juicio en los méritos. Pueblo v. Acosta Pérez, *supra*, pág. 833; Betancourt Rojas v. Tribunal Superior, 90 DPR 747, 757 (1964). Además, procede el retiro de la alegación de culpabilidad cuando medie coacción, fraude o inadvertencia. Pueblo v. Acosta Pérez, *supra*, pág. 833. Así pues, el tribunal debe examinar a la persona imputada sobre tales aspectos. Pueblo v. Santiago Agricourt, *supra*, pág. 213. De lo contrario, podría incurrir en abuso de discreción.

**B.**

Resulta oportuno señalar que antes de que el tribunal acepte el acuerdo alcanzado entre la persona acusada y el Ministerio Público, no existe bilateralidad entre las obligaciones de las partes, por lo que cualquiera de éstas puede retirar su oferta o consentimiento. Pueblo v. Acosta Pérez, *supra*, pág. 832; Pueblo v. Pérez Adorno, *supra*, pág. 957; Pueblo v. Santiago Agricourt, *supra*, pág. 196; Pueblo v. Figueroa García, 129 DPR 798, 810 (1992). Empero, una vez el foro judicial refrenda el acuerdo y la persona acusada hace la

correspondiente alegación de culpabilidad, éste queda consumado y las partes vinculadas por lo pactado. Pueblo v. Acosta Pérez, *supra*, pág. 832; Pueblo v. Pérez Adorno, *supra*, págs. 957-958. Ello implica que ninguna de ellas puede retirar lo acordado, por lo que cualquier intento a tales fines constituiría un incumplimiento del acuerdo. Pueblo v. Acosta Pérez, *supra*, pág. 832; Pueblo v. Pérez Adorno, *supra*, pág. 957; *véase*, además, E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, V. III, 1993, págs. 294-295. Además, cualquier acto en detrimento del acuerdo no imputable a la persona acusada, afecta sus derechos constitucionales. Pueblo v. Pérez Adorno, *supra*, pág. 958.

Es menester indicar que en la doctrina jurídica sobre el tema, aunque se ha determinado que existe un derecho a obtener un remedio en casos de incumplimiento del acuerdo no imputable a la persona acusada, persiste discusión en torno a cuál debe ser el remedio que se ha de conceder, según las circunstancias del caso. W.R. LaFave y otros, Criminal Procedure, Thomson Reuters, 4ed., Sec. 21.2(e), 2015, págs. 770-796; *véase*, además, Pueblo v. Pérez Adorno, *supra*, pág. 967, n. 3. De hecho, a la luz de los hechos particulares de cada caso, un examen de la doctrina revela que esos remedios oscilan entre el cumplimiento específico de lo acordado, la posibilidad de entrar en nuevas negociaciones para concretar otro acuerdo o el retiro de la alegación de

culpabilidad y la celebración de un juicio en los méritos. Para una discusión detallada sobre el particular, *véase* LaFave y otros, *op. cit.* En el caso Pueblo v. Pérez Adorno, *supra*, este Tribunal -amparándose en pronunciamientos jurisprudenciales del Tribunal Supremo federal- reconoció que cuando existe un incumplimiento del acuerdo por parte del Ministerio Público, procede devolver el caso al tribunal sentenciador para que otorgue un remedio a la persona acusada, ya sea que se le permita retirar la alegación de culpabilidad o se ordene el cumplimiento específico de lo pactado. Íd., págs. 958-959 y 967-968; *véanse*, además, Puckett v. US, 556 US 129 (2009); Santobello v. New York, 404 US 257 (1971).

Cónsono con lo anterior, este Tribunal ha señalado que una vez se hace la alegación de culpabilidad y el tribunal la acepta, posteriormente el juzgador no puede rechazar el acuerdo, pues ello menoscabaría los derechos constitucionales de la persona acusada. Pueblo v. Acosta Pérez, *supra*, pág. 833; Pueblo v. Pérez Adorno, *supra*, pág. 960. Precisamente, en el caso Pueblo v. Pérez Adorno, *supra*, tuvimos ocasión de examinar el mecanismo de las alegaciones preacordadas y pronunciarnos en torno a los casos en los cuales el tribunal provoca el incumplimiento de lo pactado. En esa oportunidad, dejamos meridianamente claro que:

> Una vez el tribunal acepta el acuerdo y el acusado hace la correspondiente alegación de culpabilidad, quedan implicados los derechos

constitucionales del acusado, **quien tiene el derecho a que lo acordado y aceptado se cumpla en su totalidad.** Por lo tanto, una vez el acusado hace la alegación de culpabilidad y el tribunal, como institución, acepta el acuerdo, el juez no puede rechazarlo posteriormente. Lo contario sería permitir que despúes de que el acusado hace alegación de culpabilidad por confiar en el acuerdo aceptado, el tribunal revierta su determinación y sentencie al acusado sin considerar lo acordado. Esto, sin duda, **menoscabaría los derechos del acusado.** Además le restaría efectividad a las alegaciones preacordadas, por temor a que los acuerdos, una vez aceptados, puedan ser rechazados por el tribunal. Íd., págs. 960-961. (Énfasis suplido).

A tales efectos, tras determinar en Pueblo v. Pérez Adorno, *supra*, que la imposibilidad de cumplir con el convenio de la alegación preacordada fue producto de las actuaciones contradictorias del Tribunal de Primera Instancia, y ante el hecho de que *no era posible ordenar el cumplimiento específico de lo acordado* -ya que algunos cargos habían sido sobreseídos con perjuicio- este Tribunal permitió el retiro de la alegación de culpabilidad del acusado y devolvió el caso al foro primario para la celebración de un juicio en los méritos. Íd., pág. 968.

### III

Por tratarse de una materia que atañe al caso ante nos, es necesario mencionar que nuestro ordenamiento procesal penal cuenta con ciertos mecanismos para que una persona que se encuentra detenida pueda impugnar la sentencia recaída, tales como una moción al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA sec. 192.1. *Véase* Pueblo v. Torres Cruz, *supra*. En términos

generales, esta regla permite que la sentencia impugnada se anule, se deje sin efecto, se corrija o se conceda un nuevo juicio. *Véase* Regla 192.1 de Procedimiento Criminal, 34 LPRA sec. 192.1; *véase*, además, D. Nevares-Muñiz, Sumario de Derecho Procesal Penal Puertorriqueño, 10ma ed., Instituto para el Desarrollo del Derecho, Inc., 2014, pág. 232.

Para ello, la persona que se halle detenida en virtud de una sentencia condenatoria, puede invocar su derecho a ser puesta en libertad bajo cualquiera de los siguientes fundamentos: (1) la sentencia fue impuesta en violación de derechos constitucionales o leyes tanto estatales como federales; (2) falta de jurisdicción del tribunal para imponer la sentencia; (3) la sentencia excede de la pena dispuesta en ley; o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. *Véase* Regla 192.1 de Procedimiento Criminal, 34 LPRA sec. 192.1. La moción puede presentarse ante el tribunal sentenciador en cualquier momento después de dictada sentencia, incluso luego de que ésta haya advenido final y firme. Íd.; Pueblo v. Pérez Adorno, *supra*, pág. 965. En esencia, "la cuestión que ha de plantearse es si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo". Pueblo v. Pérez Adorno, *supra*, pág. 965-966.

Con respecto a la controversia ante este Tribunal, es norma reiterada que una persona convicta puede atacar

colateralmente una sentencia, aunque ésta sea producto de un pre-acuerdo. Pueblo v. Torres Cruz, *supra*; Pueblo v. Pérez Adorno, *supra*, pág. 964. Ello pues, el hecho de que una persona acusada haya resultado convicta mediante una alegación de culpabilidad no es óbice para atacar la validez de la alegación o la sentencia de convicción dictada como resultado de la declaración de culpabilidad. Pueblo v. Pérez Adorno, *supra*, pág. 964; Pueblo v. Santiago Agricourt, *supra*, págs. 210-211. De esta forma, hemos resuelto que una persona convicta mediante la alegación de culpabilidad puede atacar la validez de la sentencia condenatoria en virtud de la precitada Regla 192.1, si cuenta con un planteamiento o una defensa meritoria al amparo del debido proceso de ley. Pueblo v. Pérez Adorno, *supra*, pág. 965; Pueblo v. Román Mártir, 169 DPR 809, 822 (2007) (*Per Curiam*). De hecho, este Tribunal ha sido diáfano en afirmar que la moción bajo la aludida Regla 192.1 está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. Pueblo v. Pérez Adorno, *supra*, pág. 966.

En fin, aunque ciertamente hemos resuelto que una alegación de culpabilidad conlleva una renuncia de valiosas garantías constitucionales y estatutarias, bajo ninguna circunstancia puede interpretarse que tal declaración conlleva una renuncia total al derecho constitucional al debido proceso de ley. Pueblo v. Román Mártir, *supra*, pág. 821. Evidentemente, no puede ser de

otro modo, ya que esa cláusula, consagrada en la Sec. 7 de la Carta de Derechos de la Constitución de Puerto Rico, ha sido denominada como la disposición matriz de los derechos individuales ante la intervención injustificada del Estado con el ciudadano. Íd., págs. 821-822; *véase*, además, Art. II, Sec. 7, Const. ELA, Tomo 1, ed. 2008, pág. 296. En otras palabras, el derecho constitucional a un debido proceso de ley representa la garantía fundamental de protección que tiene un ciudadano contra los posibles abusos o usos arbitrarios del poder en que incurra el Estado. Por consiguiente, es deber ineludible de los foros judiciales proteger tal derecho. Pueblo v. Román Mártir, *supra*, pág. 822.

Bajo el prisma de este trasfondo doctrinal, procedo a exponer mi criterio en torno a la controversia ante este Tribunal. Veamos.

**IV**

Conforme adelantado, la controversia principal en este caso no ha sido objeto de análisis por parte de este Tribunal. Ésta se circunscribe a determinar si se infringe la cláusula del debido proceso de ley al enmendar, sin más, una sentencia –producto de una alegación preacordada– sin otorgarle un remedio a la persona acusada, según las circunstancias del caso, a saber: el cumplimiento específico de lo acordado, la posibilidad de entrar en nuevas negociaciones con el fin de concretar otro acuerdo o el retiro de la alegación de

culpabilidad y la celebración de un juicio en los méritos.

Para recapitular, en este caso el señor Delgado Torres fue sentenciado a cumplir, de forma concurrente, diez años de reclusión por cometer el delito de robo y diez años por infracciones a la Ley de Armas. Transcurridos aproximadamente cuatro años, la sentencia fue enmendada para aclarar, en lo pertinente, que los años de reclusión debían cumplirse consecutivamente. Ello, en armonía con lo dispuesto en el citado Art. 7.03 de la Ley de Armas.

Al tiempo de cumplir con lo dictaminado en la sentencia original, el señor Delgado Torres presentó una moción al amparo de la Regla 192.1 de Procedimiento Criminal. Solicitó que se dejara sin efecto enmienda efectuada y se reestableciera la sentencia original. Sostuvo que esta última fue producto de un acuerdo alcanzado entre su representación legal y el Ministerio Público, el cual fue acogido enteramente por el tribunal.

Denegada la moción, el peticionario recurrió al Tribunal de Apelaciones. Arguyó que el foro primario incidió al realizar la enmienda, ya que actuó en contravención al acuerdo alcanzado entre el Ministerio Público y su representación legal, conforme al cual se dictó la sentencia original. Tras evaluar el recurso, el foro apelativo intermedio denegó su expedición.

Inconforme, el señor Delgado Torres acude ante este Tribunal. Afirma que la Sentencia Enmendada es nula e

ilegal, pues vulnera su derecho constitucional a un debido proceso de ley. Argumenta que la enmienda efectuada contraviene el acuerdo enteramente acogido por el tribunal en la sentencia original, en el cual él confió y por el cual decidió declararse culpable, abdicando a otras garantías constitucionales y estatutarias que le resguardaban. Además, sostiene que la enmienda realizada es contraria a derecho, ya que quebranta la expectativa de finalidad de la sentencia original impuesta. Por todo lo anterior, solicita que declaremos la ilegalidad de la Sentencia Enmendada y, en consecuencia, reestablezcamos el dictamen original, el cual recoge el acuerdo mediante el cual se declaró culpable de los delitos atribuidos.

**A.**

Evaluadas las normas constitucionales y reglas procesales pertinentes, conjuntamente con la doctrina jurídica y los pronunciamientos jurisprudenciales relevantes, opino que el petitorio del señor Delgado Torres tiene mérito. Ello pues, a pesar de que la sentencia original contravenía las disposiciones de la Ley de Armas, enmendarla, sin más, lesionó su derecho a un debido proceso de ley, puesto que truncó las garantías constitucionales y estatutarias que le protegen, las cuales fueron renunciadas bajo el entendido del acuerdo original.

Adviértase que el Tribunal de Primera Instancia enmendó el dictamen original sin permitirle al señor

Delgado Torres retirar su alegación de culpabilidad y reiniciar nuevas negociaciones con el Ministerio Público, con miras a llegar a otro acuerdo. Tampoco se le concedió la oportunidad de ser juzgado en los méritos. Mucho menos, se ordenó el cumplimiento específico de lo acordado. Sin duda, tal curso de acción no es cónsono con las nociones fundamentales del debido proceso de ley que deben imperar en el proceso criminal. Consecuentemente, es forzoso concluir que el foro primario, al enmendar, sin más, la sentencia original emitida, no actuó conforme a su deber de velar por los derechos y garantías que le asisten al señor Delgado Torres.

No podemos perder de perspectiva que el señor Delgado Torres, al pactar con el Ministerio Público, confió en la legalidad de la propuesta, por lo que se declaró culpable y renunció a las garantías constitucionales y estatutarias que le amparaban. Ese acuerdo fue refrendado por el tribunal al impartir su aprobación. No obstante, el mismo contravenía las disposiciones de la Ley de Armas. Siendo así, considero que el tribunal abusó de su discreción al aprobarlo, pues éste era contrario a derecho y se efectuó bajo una falsa representación. El tribunal debió verificar la validez jurídica del convenio de la alegación preacordada, antes de refrendarlo. Además, el peticionario no fue advertido de ello, por lo cual medió inadvertencia al momento de hacer su alegación.

Recuérdese que es deber del foro judicial asegurarse de que la alegación de culpabilidad, producto de un preacuerdo, descansa en motivaciones legítimas y procedentes en derecho. De acuerdo a lo sostenido por este Tribunal, una actitud judicial sistemática de rechazo o aceptación, sin ponderar las circunstancias que rodean el delito y la seriedad de los daños causados, es contraria a la letra y a la idea que inspira la norma procesal. Pueblo v. Santiago Agricourt, *supra*, pág. 214. Así pues, las consecuencias del error cometido por el Tribunal de Primera Instancia no pueden repercutir en detrimento del señor Delgado Torres, a la luz del tracto procesal expuesto. No olvidemos que la imposibilidad de cumplir con el convenio de la alegación preacordada fue producto de las propias actuaciones erradas del foro primario.

Nótese que tras la enmienda al dictamen original, *automáticamente* el señor Delgado Torres vio duplicada la pena de reclusión que estaba supuesta a cumplir, a pesar de la expectativa razonable de finalidad que tenía sobre la sentencia original impuesta y en perjuicio de su fundada creencia de que a cambio de declararse culpable y aceptar el acuerdo, cumpliría una pena total de diez años de reclusión. Considero que el proceder del foro primario al aprobar un acuerdo ilegal y luego enmendarlo, sin más, acarrea irremediablemente un trastoque a la confianza que los ciudadanos —y en este caso particular el señor

Delgado Torres- depositan en el sistema de justicia. No puedo avalar tal curso de acción.

Ante esa realidad, opino que procede la moción al amparo de la Regla 192.1 de Procedimiento Criminal incoada por el señor Delgado Torres, ya que, evidentemente, éste cuenta con un planteamiento meritorio en virtud del debido proceso de ley. Como vimos, la acción del foro primario de enmendar, sin más, la sentencia original emitida acarreó un menoscabo el derecho constitucional del peticionario a un debido proceso de ley, quien se declaró culpable y abdicó a sus derechos y garantías bajo el entendido de que cumpliría una pena total de reclusión de diez años. Por ello, sostengo que el señor Delgado Torres tiene derecho a un remedio.

Considerando las circunstancias de este caso, entiendo procedente dejar sin efecto la Sentencia Enmendada y, por consiguiente, ordenar el cumplimiento específico de la sentencia original recaída en el 2005, mediante la cual se le impuso al señor Delgado Torres una pena de reclusión total de diez años. **Más aún, cuando a este momento esa década de reclusión ha sido cumplida.** Opino que ese es el remedio adecuado, según los hechos particulares de este caso. Así lo exige el derecho constitucional a un debido proceso de ley, el cual los foros judiciales estamos llamados a proteger. Téngase presente, pues, que "[e]n el balance entre los intereses gubernamentales y los de la ciudadanía, las garantías del

debido proceso de ley deben prevalecer". Pueblo v. Montero Luciano, *supra*, pág. 389.

**V**

En virtud de los fundamentos expuestos, disiento de la determinación emitida por una Mayoría de este Tribunal. A diferencia del curso de acción seguido, expediría el recurso presentado, revocaría los dictámenes de los foros recurridos y, por tanto, declararía con lugar la moción al amparo de la Regla 192.1 de Procedimiento Criminal instada por el señor Delgado Torres.

                                    Luis F. Estrella Martínez
                                         Juez Asociado