ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ALBERTO RIVERA RUIZ<br><br>Peticionario | KLRA202400143 | *Revisión Judicial* acogido como *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.: ALE2023G0101<br><br>Sobre: ART. 2 LEY 15 Reclasificado a ART. 2 LEY 15 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2024.

Comparece ante nos el señor Alberto Rivera Ruiz (en adelante, señor Rivera Ruiz o peticionario), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (en adelante, DCR). Solicita la revocación de la *Orden* emitida el 5 de febrero de 2024, notificada el día 15 siguiente, por el Tribunal de Primera Instancia, Sala de Aguadilla (en adelante, TPI). Mediante el aludido dictamen, el TPI declaró "No Ha Lugar" la petición instada por el señor Rivera Ruiz, intitulada *Moción en solicitud y reconsideración bajo la Regla 185 corrección de sentencia* (en adelante, *Moción bajo la Regla 185*).

Acogemos el presente recurso como una petición de *Certiorari*, pues se impugna una *Orden* que denegó una moción postsentencia. Por economía procesal, conservamos la clasificación alfanumérica otorgada en Secretaría. A su vez, anticipamos la expedición del auto y su confirmación.

Número Identificador

SEN2024_____

**I.**

Por hechos cometidos el 3 de abril de 2023, el Pueblo de Puerto Rico presentó una *Denuncia* contra el señor Rivera Ruiz por la infracción del Artículo 2 de la Ley 15 de 18 de febrero de 2011, *Ley para Establecer Restricciones al Uso de Teléfonos Celulares a Personas Confinadas en las Instituciones Penales de Puerto Rico* (Ley 15), 4 LPRA sec. 1631, *et seq.*[1] Allí se alegó:

> El referido imputado de delito, ALBERTO RIVERA RUIZ allá en o para el día 3 de abril de 2023, en Aguadilla, Puerto Rico que forma parte de la jurisdicción del Tribunal de Primera Instancia Sala Superior de Aguadilla ilegal, e intencionalmente, voluntaria, maliciosa y criminalmente, poseía mientras se encontraba internado en una Institución Penal en la Cárcel Guerrero de Aguadilla, un teléfono celular color blanco, lo cual está estrictamente prohibidos por la Ley 15 del 18 de febrero del 2011 y que puede afectar el orden o la seguridad de la Institución Penal. Siendo este un confinado extinguiendo una sentencia. Hecho contrario a la Ley.[2]

Celebrada la vista de causa para arresto estatuida en la Regla 6 de Procedimiento Criminal,[3] el TPI determinó causa probable por el cargo imputado el 13 de abril de 2023 y fijó una fianza de $10,000.[4] De conformidad con la Ley 15, la pena que apareja el delito es la estatuida para los delitos graves de cuarto

---

[1] El referido Artículo 2 de la Ley 15, *Restricción de Comunicaciones; Delitos y Penalidades*, 4 LPRA sec. 1632, en lo pertinente, reza como sigue:
   **Toda persona ingresada en una institución penal** o juvenil **de cualquier nivel de seguridad sólo podrá hacer uso de aquellos medios de comunicación que sean autorizados para su uso por la administración de la institución**. La autoridad responsable de la reglamentación de la institución fijará condiciones básicas de accesibilidad, tiempo, lugar, cantidad y frecuencia de estas comunicaciones, que estarán sujetas a sufrir restricciones adicionales como parte de medidas disciplinarias o de seguridad.
   **La posesión por una persona internada en una institución penal** o juvenil, **de equipos de telecomunicación no autorizados, incluyendo teléfonos celulares** y cualquier tipo de equipo o aditamento que permita transmisión de señales radiales o acceso a la red celular de comunicaciones o a una conexión inalámbrica a Internet que no sea el acceso provisto por la institución, **constituirá delito grave de cuarto grado**, o la falta equivalente en el caso de un menor de edad. Esta infracción será tomada en consideración en la evaluación de elegibilidad para libertad bajo palabra, probatoria, programa de desvío o de trabajo, bonificación o cualquier otro beneficio al que la persona pudiera ser elegible. (Énfasis nuestro).
   . . . . . . . .
[2] Véase la entrada 1 del expediente electrónico del caso **AG2023CR00242** en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] 34 LPRA Ap. II, R. 6.
[4] Entrada 2 SUMAC.

grado. La vista preliminar al amparo de la Regla 23 de Procedimiento Criminal,[5] se pautó para el 27 de abril de 2023.[6] Surge del expediente y los registros del TPI que el peticionario, debidamente asistido por abogado, hizo alegación de culpabilidad el 18 de septiembre de 2023, por lo que el delito se reclasificó a su tentativa.[7]

Así las cosas, el 26 de diciembre de 2023, el señor Rivera Ruiz instó la *Moción bajo la Regla 185*.[8] Del expediente se desprende que, por los mismos hechos, el DCR celebró una vista disciplinaria en la que imputó al peticionario la infracción del Código 108[9] del Reglamento 9221 de 8 de octubre de 2020, *Reglamento para establecer el procedimiento disciplinario de la población correccional*. En dicho proceso, atendido el 11 de mayo de 2023, el peticionario no admitió la violación de la norma imputada. Asimismo, el Oficial Examinador que presidió la vista disciplinaria determinó que no surgía una versión clara y detallada de los hechos. En consecuencia, desestimó la querella.[10] Así pues, el señor Rivera Ruiz solicitó al TPI la desestimación del caso y la anulación de la sentencia dictada en su contra, toda vez que la querella disciplinaria administrativa fue desestimada.

En respuesta, el TPI dictó la *Orden* impugnada.[11] En ésta dispuso "No Ha Lugar" a la petición. Añadió: "La sentencia impuesta es legal, conforme a derecho y producto de una alegación preacordada (*Regla 72 de las de Procedimiento Criminal*) en la cual estuvo debidamente asistido por abogado". (Cursivas en el original). Insatisfecho con el pronunciamiento, el señor Rivera Ruiz

---

[5] 34 LPRA Ap. II, R. 23.
[6] Entrada 2 SUMAC.
[7] Véase, además, el caso **ALE2023G0101** en el portal www.poderjudicial.pr.
[8] Refiérase a las páginas de la segunda a la sexta del apéndice.
[9] El Código 108 "prohíbe la posesión, distribución, uso, venta o introducción de teléfonos celulares a instituciones correccionales".
[10] Refiérase a la página primera del apéndice.
[11] Refiérase a las páginas séptima y octava del apéndice.

acudió oportunamente ante este foro revisor y señaló la comisión de los siguientes errores, los cuales reproducimos *ad verbatim*:

1) Errór de Tribunal de Primera Instancia devido a que tenia que esperar que el imputado fuera Culpable dentro de la Institución que se encontraba.

2) Erró el Tribunal de Primera Instancia devido a que el imputado al ser Sentenciado en el Tribunal de Primera Instancia fue expuesto a dos Castigos por un mismo delito.

3) Erró el Tribunal de Primera Instancia devido a que al ser encontrado no "Ha lugar" en el proceso de Querellas Administrativas, el sometimiento de un Telefono en la libre Comunidad es devidamente ilegal, el proceso de exponer doble Sentencia. Se contradise el procedimiento.

4) Erro el Tribunal de Primera Instancia devido a que las Cortes Federales descartarón las Sentencias impuestas por Delitos de Celulares dentro de una Instución por estas estar fuera de su Jurisdicción.

Determinamos eximir al recurrido de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. La norma provee para que este foro revisor pueda "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**II.**

**A.**

El auto de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). El foro revisor tiene la facultad para expedir o denegar el recurso de *Certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos

de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró*, *supra*, págs. 334-335.

El ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, *supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró*, *supra*, pág. 335; *Pueblo v. Ortega Santiago*, *supra*.

Para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *Certiorari* en etapa de post sentencia, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de Certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma asentada que **este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

En nuestro ordenamiento jurídico, una persona acusada de delito puede hacer una de dos alegaciones: culpable o no culpable. Regla 68 de Procedimiento Criminal, 34 LPRA Ap. II, R. 68; *Pueblo v. Santiago Agricourt*, 147 DPR 179, 192 (1998). En el caso de alegar culpabilidad, el acusado renuncia a varios de los derechos constitucionales y estatutarios que le asisten, a saber: el derecho a un juicio justo, imparcial y público; el derecho a ser juzgado por un juez o Jurado; el derecho a que se establezca su culpabilidad más allá de duda razonable; y el derecho a presentar evidencia a su favor y a rebatir la prueba en su contra. *Pueblo v. Acosta Pérez*, 190 DPR 823, 829-830 (2014); *Pueblo v. Santiago Agricourt, supra*; *Díaz Díaz v. Alcaide*, 101 DPR 846, 854 (1973). En vista de lo

anterior, los tribunales deben ser muy cuidadosos al decidir si aceptan o no una alegación de culpabilidad. *Pueblo v. Acosta Pérez, supra*, pág. 830; *Pueblo v. Santiago Agricourt, supra*; *Díaz Díaz v. Alcaide, supra*. Al respecto, la Regla 70 de Procedimiento Criminal, 34 LPRA Ap. II, R. 70, dispone, en su parte pertinente, que "[e]l tribunal no aceptará la alegación de culpabilidad sin determinar primeramente que la misma se hace voluntariamente, con conocimiento de la naturaleza del delito imputado y de las consecuencias de dicha alegación". De hecho, la Regla 71 del mismo cuerpo legal dispone:

> El tribunal podrá negarse a admitir una alegación de culpable y podrá ordenar que se anote alegación de no culpable. **El tribunal podrá, además, en cualquier momento antes de dictar sentencia, permitir que la alegación de culpable** se retire y que **se sustituya** por la alegación de no culpable o, previo el consentimiento del fiscal, **por la de culpable de un delito inferior al imputado pero incluido en éste, o de un grado inferior del delito imputado**. (Énfasis nuestro). 34 LPRA Ap. II, R. 71.

A tales efectos, por los beneficios para el sistema de justicia criminal, nuestro ordenamiento reconoce y regula, mediante la Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II, R. 72, la validez de las alegaciones preacordadas de culpabilidad. *Pueblo v. Acosta Pérez, supra*, págs. 830-831. A través de éstas, se permite conceder ciertos beneficios al acusado cuando se declara culpable. Además, por virtud de estos acuerdos entre el Estado y el acusado, debidamente asistido por abogado, se descongestionan los calendarios de los tribunales y se propicia el procesamiento de los casos dentro de los términos de rápido enjuiciamiento. *Pueblo v. Santiago Agricourt, supra*, pág. 194. En aquello que nos compete, la referida norma establece lo siguiente:

> **REGLA 72. — ALEGACIONES PREACORDADAS.**
>
> En todos aquellos casos en que mediaren alegaciones preacordadas entre la defensa del imputado y el representante del Ministerio Público, se seguirá el siguiente procedimiento:

(1) El fiscal y el imputado, **por mediación de su abogado**, podrán iniciar conversaciones con miras a acordar que, **a cambio de una alegación de culpabilidad** por el delito alegado en la acusación o denuncia, o **por uno de grado inferior** o relacionado, **el fiscal se obliga a uno o varios de los siguientes cursos de acción**:

    (a) Solicitar el archivo de otros cargos pendientes que pesen sobre él;

    (b) eliminar alegación de reincidencia en cualquiera de sus grados;

    (c) **recomendar una sentencia en particular o no oponerse a la solicitud que haga la defensa sobre una sentencia específica, entendiéndose que ni lo uno ni lo otro serán obligatorios para el tribunal**, o

    (d) acordar que determinada sentencia específica es la que dispone adecuadamente del caso.

El tribunal no participará en estas conversaciones.

(2) De llegarse a un acuerdo, las partes notificarán de sus detalles al tribunal en corte abierta, o en cámara si mediare justa causa para ello. Dicho acuerdo se hará constar en récord. Si el imputado se refiere a alguno de los cursos de acción especificados en las cláusulas (a), (b) y (d) del inciso (1) de esta regla, el tribunal podrá aceptarlo o rechazarlo, o aplazar su decisión hasta recibir y considerar el informe presentencia. **Si el curso de acción acordado fuere del tipo especificado en la cláusula (c) de dicho inciso el tribunal advertirá al imputado que si la recomendación del fiscal o la solicitud de la defensa no es aceptada por el tribunal, el imputado no tendrá derecho a retirar su alegación**.

.    .    .    .    .    .    .    .

(7) Al decidir sobre la aceptación de una alegación preacordada **el tribunal deberá cerciorarse de que ha sido hecha con pleno conocimiento, conformidad y voluntariedad del imputado; que es conveniente a una sana administración de justicia, y que ha sido lograda conforme a derecho y a la ética**. A este fin, el tribunal podrá requerir del fiscal y del abogado del imputado aquella información, datos y documentos que tengan en su poder y que estime necesarios, y podrá examinar al imputado y a cualquier otra persona que a su juicio sea conveniente. (Énfasis nuestro).

.    .    .    .    .    .    .    .

Con relación a este procedimiento, el Tribunal Supremo ha expresado que "las alegaciones preacordadas dependen de la aprobación final del tribunal para consumarse y vincular a las

partes". *Pueblo v. Santiago Agricourt, supra,* pág. 196, citado en *Pueblo v. Acosta Pérez, supra,* pág. 832. Por consiguiente, una vez el tribunal aprueba el acuerdo y el acusado se declara culpable, existe bilateralidad entre las obligaciones de las partes y cualquier intento de éstas de retirar lo acordado es un incumplimiento con el acuerdo. *Id.,* que cita con aprobación a E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos,* Bogotá, Ed. Forum, 1995, Vol. III, pág. 211. Con relación a lo anterior, el alto foro opinó que:

> [...] es preciso distinguir entre lo que constituye el retiro de una alegación preacordada y el incumplimiento con la misma. Ambos conceptos difieren en términos del momento en que se pretende deshacer el acuerdo y sus efectos. Específicamente, se retira una alegación preacordada si se pretende deshacer el acuerdo antes de que el imputado haga alegación de culpabilidad y la misma sea aceptada por el tribunal. Por otra parte, **se incumple con la misma si se pretende deshacer el acuerdo una vez el acusado ha hecho alegación de culpabilidad y la misma ha sido aceptada por el tribunal**. (Énfasis nuestro). *Pueblo v. Figueroa García,* 129 DPR 798, 807 (1992), citado en *Pueblo v. Acosta Pérez, supra,* págs. 832-833.

En cuanto al tribunal, la máxima curia ha resuelto que una vez el acusado hace la correspondiente alegación de culpabilidad y el tribunal la acepta, posteriormente el juez no puede rechazar el acuerdo. *Pueblo v. Acosta Pérez, supra,* pág. 833.

### C.

La Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185, establece las circunstancias en las que el Tribunal de Primera Instancia está facultado para corregir o modificar una sentencia previamente dictada. La norma dispone, en parte, lo siguiente:

> **REGLA 185. — CORRECCIÓN O MODIFICACIÓN DE LA SENTENCIA.**
>
> (a) **Sentencia ilegal; redacción de la sentencia.** — El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no

estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.*

(b) **Errores de forma.** — Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.

(c) **Modificación de sentencia.** — El tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.

.        .        .        .        .        .        .        .

Según surge del precitado texto, esta regla es el mecanismo adecuado para corregir o modificar la pena impuesta a una persona cuando los términos de la sentencia rebasan los límites fijados por el estatuto penal o se ha impuesto un castigo distinto al que había sido establecido. *Pueblo v. Martínez Lugo,* 150 DPR 238, 245 (2000). Por tanto, la norma faculta al Tribunal de Primera Instancia a corregir sentencias criminales cuando éstas sean ilegales o tengan algún error de forma. *Pueblo v. Contreras Severino,* 185 DPR 646, 658 (2012). En ambas instancias, la corrección se puede hacer en cualquier momento. *Id.* Ahora bien, **a través de la Regla 185, no es posible variar o dejar sin efecto un fallo condenatorio**. *Pueblo v. Martínez Lugo, supra*; *Pueblo v. Valdés Sánchez,* 140 DPR 590 (1996).

**III.**

En el caso de autos, el señor Rivera Ruiz alega que la sentencia que extingue por la violación al Artículo 2 de la Ley 15 no es conforme a Derecho. Expone que, luego de una investigación sobre los hechos a nivel administrativo en el DCR, la querella fue

desestimada, lo que, a su entender dejó "un marco claro" de que no incurrió en dicha violación.

Según esbozamos, la Regla 185 de Procedimiento Criminal, *supra*, faculta al TPI a corregir sentencias condenatorias cuando éstas sean **ilegales** o tengan algún **error de forma**. También se podrán modificar en el caso que el convicto **coopera** con alguna investigación o procesamiento criminal. Ninguna de estas instancias está presente en el caso que evaluamos. Por el contrario, el Tribunal Supremo ha apuntado que, a través de la referida regla, **no es posible variar ni dejar sin efecto un fallo condenatorio**. Por tanto, el hecho de que el señor Rivera Ruiz no admitiera los hechos en el procedimiento administrativo y el Oficial Examinador concluyera que la querella no tenía una descripción clara y detallada del incidente que dio lugar a la misma,[12] en nada incide sobre la sentencia impugnada.

Los procedimientos administrativos y criminales son independientes entre sí y se rigen por disposiciones legales diferentes. Además, el ordenamiento jurídico establece sin ambages que, luego de aceptado libremente un acuerdo de culpabilidad por el acusado y el tribunal lo aprueba, nacen obligaciones bilaterales entre las partes. Por ende, cualquier amago para deshacerlo equivale a su incumplimiento.

Tal como reseñamos, el peticionario hizo una alegación de culpabilidad y la sentencia impuesta se dictó en atención a una alegación preacordada. Por virtud de ésta, se reclasificó el delito grave estatuido en el Artículo 2 de la Ley 15 por su tentativa. En consecuencia, en lugar de extinguir la pena de tres años que apareja el delito,[13] por sus propios dichos, el peticionario fue

---

[12] Véase, Regla 6 (A) (1) del Reglamento 9221.

[13] De conformidad con el Artículo 307 (e) del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5415 (e), el delito grave de cuarto grado "conllevará una pena [...] por un término fijo de tres (3) años". Refiérase, además, a la nota al calce 1 de esta *Resolución*.

condenado a un término de seis meses. Del pronunciamiento judicial impugnado se consigna palmariamente que el peticionario contó con representación legal en dicho procedimiento. De hecho, el señor Rivera Ruiz no arguye ninguna alegación acerca de alguna irregularidad del proceso.

Así pues, evaluada la petición de autos, no procede variar la determinación recurrida.

**IV.**

Por los fundamentos expuestos, acordamos expedir y confirmar el recurso de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones